## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

### CASE NO. _____

**HEALTHE, INC.,**

        **Plaintiff,**

                                **JURY TRIAL DEMANDED**

    **v.**

**HIGH ENERGY OZONE LLC d/b/a
FAR-UV STERILRAY; S. EDWARD
NEISTER; AND PATHOGEN PATH
CONSULTING LLC,**

        **Defendants.**

_____/

### COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF SOUGHT
### AND DEMAND FOR JURY TRIAL

Plaintiff Healthe, Inc. files this complaint for damages and injunctive relief against Defendants High Energy Ozone LLC d/b/a Far-UV Sterilray™, S. Edward Neister, and Pathogen Path Consulting LLC (collectively, "Defendants") and states as follows:

1.      This is an action for declaratory judgment of non-infringement under the patent laws of the United States, unfair competition under the Florida Deceptive and Unfair Trade Practices Act, and unfair competition under Florida common law.

### PARTIES

2.      Plaintiff Healthe, Inc. ("Healthe") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 3905 W. Eau Gallie, Blvd, Suite 101, Melbourne, Florida 32931.

3.      Upon information and belief, Defendant High Energy Ozone LLC d/b/a Far-UV Sterilray™ ("HEO3") is a limited liability company organized under the laws of the State of New Hampshire and has its principal place of business at 30 Centre Road, Suite 6, Somersworth, New Hampshire 03878.

4.      Upon information and belief, Defendant S. Edward Neister ("Neister") has his permanent residence and place of work in the State of New Hampshire and is domiciled in and a citizen of the State of New Hampshire.

5.      Upon information and belief, Defendant Pathogen Path Consulting LLC ("PPC") is a limited liability company organized under the laws of the State of New Hampshire and has its principal place of business at 273 B Locust Street, Dover, New Hampshire 03820.

**JURISDICTION AND VENUE**

6.      This is a civil action against Defendants HEO3, Neister, and PPC for a declaration that the claims of U.S. Patent Nos. 8,481,985 (attached hereto as Exhibit 1); 8,753,575 (attached hereto as Exhibit 2); 8,975,605 (attached hereto at Exhibit 3); and 9,700,642 (attached hereto at Exhibit 4) (collectively, the "Patents-in-Suit") are not infringed by Healthe's products, including the Healthe Entry™, Healthe Space™, Healthe Air™, and Healthe Air 2.0™ (the "Healthe Products") pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*

7.      By this action, Healthe also seeks an injunction and damages against Defendants HEO3 and Neister for unfair competition under the Florida Deceptive and Unfair

Trade Practices Act, Fla. Stat. § 501.202 *et seq.*, ("FDUTPA") and unfair competition under Florida common law due to HEO3 and Neister's bad faith and objectively baseless threats against Healthe and Healthe customers that the Healthe Products infringe the Patents-in-Suit.

8.     This Court has original subject matter jurisdiction over all claims pleaded herein under 28 U.S.C. §§ 2201, 2202, 1331, and 1338(a).

9.     This Court also has supplemental jurisdiction over Healthe's unfair competition claims under FDUTPA and Florida common law under 28 U.S.C. §§ 1338(b) and 1367(a).

10.     Venue is proper in accordance with 28 U.S.C. § 1391 at least because a substantial part of the events giving rise to the claims asserted in this action occurred in this District.

11.     This Court has personal jurisdiction over HEO3.   Among other things, HEO3 has purposefully directed licensing activities and has threatened liability and litigation for alleged infringement of the Patents-in-Suit into Florida and this District.   HEO3 has threatened Healthe, which is located in this District, and at least one customer of Healthe, which is also located in this District, with alleged infringement of the Patents-in-Suit by the Healthe Products.   Upon information and belief, HEO3 has also sponsored, directed, and/or authorized research activities in Florida relating to the technology claimed in the Patents-in-Suit.   Upon information and belief, J. James Rowsey, MD and John Michaelos, MD of St. Michael's Eye and Laser Institute in Largo, Florida and Brad Fouraker, MD of Brandon Eye Center in Brandon, Florida have performed research regarding the safety and efficacy of HEO3/Sterilray products.   Ex. 5 (2017 OMIG Abstract); Ex. 6 (2018 OMIG Abstract); Ex. 7

(2018 ASOA Annual Meeting Abstract).  HEO3 also maintains a website, accessible in this District, where it offers products for sale.  Moreover, HEO3 has committed intentional tortious acts against a citizen of the State of Florida.

12.     This Court has personal jurisdiction over Neister.  Upon information and belief, Neister exerts significant influence and control over HEO3 as a founder, member, manager, and the Chief Technology Officer of HEO3.  Upon information and belief, Neister also owns some or all of the Patents-in-Suit, which he has exclusively licensed to HEO3.  Upon information and belief, HEO3's acts of extra-judicial patent enforcement and licensing efforts directed into Florida regarding the Patents-in-Suit were performed at Neister's direction and with his authorization.  As a result, Neister has committed intentional tortious acts against a citizen of the State of Florida.

13.     This Court has personal jurisdiction over PPC.  Upon information and belief, PPC owns some or all of the Patents-in-Suit.  HEO3's website claims that "[a]ll patents are owned by S. Edward Neister, Pathogen Path Consultants LLC (PPC) and as the sole inventor, Neister has granted to High Energy Ozone LLC dba Far-UV Sterilray a royalty-free license to make, use, sell offer to sell, develop, and improve on, any of the technologies contained within such patents."  Ex. 8 (HEO3 About Us webpage) at 3.  PPC's website makes an identical claim.  Ex. 9 (PPC webpage) at 1–2.  Upon information and belief, Neister is a member and manager of PPC.  Ex. 10 (PPC NH SOS PDF).  Upon information and belief, Neister exerts significant influence and control over PPC as its president, sole member, and manager.  Upon information and belief, to the extent PPC owns some or all of the Patents-in-Suit, HEO3's acts of extra-judicial patent enforcement and licensing efforts directed into

Florida regarding the Patents-in-Suit were performed at PPC's direction and with its authorization. As a result, PPC has committed intentional tortious acts against a citizen of the State of Florida.

## GENERAL ALLEGATIONS

14.    Healthe is the global leader in developing and deploying high-tech sanitization, circadian, and biological lighting solutions.

15.    Healthe's sanitization line of products deploy ultraviolet (UV) light and Far-UVC light to inactivate bacteria, viruses, and other pathogens.

16.    Healthe's sanitization products include the Healthe Entry$^{TM}$, Healthe Space$^{TM}$, Healthe Air$^{TM}$, and Healthe Air 2.0$^{TM}$ products.

17.    Healthe and HEO3 are competitors and compete over a common pool of customers in the market for UVC sanitization products.

18.    On June 11, 2020, counsel for HEO3 sent a letter to Healthe asserting, *inter alia*, that he "represent[ed] HEO3 LLC and S. Edward Neister in their intellectual property matters," that "S. Edward Neister is the legal owner of U.S. Patent Nos. 9,700,642, 8,975,605, 8,481,985, and 8,753,575 … as well as another pending patent published as US2017/0304472 … and HEO3 LLC is their exclusive licensee." This letter further asserted that "[t]he purpose of this letter is to inform you" that what is now marketed as the Healthe Entry$^{TM}$ "may be infringing at least one of these patents." The letter also threatened that "[o]ur clients are very interested in protecting their rights and would like to prevent any potential market interference or other issues before it is too late."

19.     In November 2020, John Neister, the President of HEO3, sent a letter to one of Healthe's customers located in this District.  That letter asserted, *inter alia*, that "HEO3 LLC, is the exclusive licensee of a number of patents and patent applications owned by S. Edward Neister relating to Far-UVC disinfection technology" and that "S. Edward Neister is the legal owner of U.S. Patent Nos. 9,700,642, 8,975,605, 8,481,985, and 8,753,575 … as well as another pending patent application published as US2017/0304472."  The letter then referenced "the description of the Healthe Entry™, the Healthe Space™ & Healthe Air™ products on the manufacturer's website at https://healtheinc.com/" (*i.e.*, Healthe's website) and threatened that "[t]his appears to read on technologies that are potentially covered by Mr. Neister's patents" and that "[p]atents can be asserted against users of infringing products in addition to those who make, sell, and offer for sale." The letter then requested that Healthe's customer "inform us as to how you plan to proceed with your purchased Healthe Entry™, the Healthe Space™ & Healthe Air™ products" and further threatened that "[w]e are very interested in protecting our rights and would like to prevent any potential market interference or other issues before it is too late."  The letter also asked that Healthe's customer "get back to me in regards to your intentions within twenty (20) days."   Healthe's customer informed Healthe of HEO3's letter.

20.     On November 22, 2020, counsel for Healthe sent a letter to HEO3's counsel, advising HEO3 that its patent-infringement allegations were baseless and were damaging to Healthe and its business.  Healthe demanded that HEO3, Neister, and any related entities immediately cease and desist from making these baseless infringement claims to Healthe's customers and threatening known customers with infringement actions.

21.     On the very next day, November 23, 2020, despite Healthe's letter, HEO3's President, John Neister, sent an email threatening a different Healthe customer.  This email asserted that "our company, HEO3 LLC (dba Far-UV Sterilray), is the exclusive licensee of a number of patents and patent applications owned by S. Edward Neister relating to Far-UVC disinfection technology" and that "S. Edward Neister is the legal owner of U.S. Patent Nos. 9,700,642, 8,975,605, 8,481,985, and 8,753,575 … as well another pending patent application published as US2017/0304472."  The letter then threatened that "[t]he purpose of this letter is to inform you that these listed patents and pending patent relate to some of the features incorporated into Healthe's 222nm products," that "[w]e understand that you have recently purchased this product and are using it in public," and, to underscore HEO3's threat, that "[p]atents can be asserted against users of infringing products in addition to those who make, sell, and offer for sale." The letter also referenced "the description of the Far-UVC 222nm downlights & Healthe Space on the manufacturer's website."   The letter then requested that Healthe's customer "inform us as to how you plan to proceed with your purchased Far-UVC 222nm downlights products" and further threatened that "[w]e are very interested in protecting our rights and would like to prevent any potential market interference or other issues before it is too late."  The letter further asked that Healthe's customer "get back to me in regards to your intentions within twenty (20) days."  Healthe's customer informed Healthe of HEO3's email.

22.     Healthe maintains a publicly accessible website containing information relating to its products at the URL https://healtheinc.com.  This publicly accessible information includes information that clearly demonstrates that the Healthe Products do not

infringe the claims of the Patents-in-Suit.  Examples of these documents are attached to this Complaint as Exhibits 11–16.  During all relevant times relating to the actions giving rise to this litigation, these documents have been publicly available and therefore accessible to HEO3.

**THE PATENTS-IN-SUIT**

**U.S. Patent No. 8,481,985**

23.     U.S. Patent No. 8,481,985 (the "'985 Patent), is titled, "Method and Apparatus for Producing a High Level of Disinfection in Air and Surfaces."  *See* Ex. 1 (the '985 Patent).

24.     The '985 Patent identifies S. Edward Neister as the sole inventor.

25.     The '985 Patent does not identify any assignee.

26.     The '985 Patent issued on July 9, 2013.

27.     Upon information and belief, HEO3 is the exclusive licensee of the '985 Patent.

28.     Upon information and belief, Neister or PPC owns the '985 Patent.

**U.S. Patent No. 8,753,575**

29.     U.S. Patent No. 8,753,575 (the "'575 Patent") is titled, "Method and Apparatus for Sterilizing and Disinfecting Air and Surfaces and Protecting a Zone from External Microbial Contamination."  *See* Ex. 2 (the '575 Patent).

30.     The '575 Patent identifies S. Edward Neister as the sole inventor.

31.     The '575 Patent does not identify any assignee.

32.     The '575 Patent issued on June 17, 2014.

33.  Upon information and belief, HEO3 is the exclusive licensee of the '575 Patent.

34.  Upon information and belief, Neister or PPC owns the '575 Patent.

**U.S. Patent No. 8,975,605**

35.  U.S. Patent No. 8,975,605 (the "'605 Patent") is titled, "Method and Apparatus for Producing a High Level of Disinfection in Air and Surfaces." *See* Ex. 3 (the '605 Patent).

36.  The '605 Patent identifies S. Edward Neister as the sole inventor.

37.  The '605 Patent does not identify any assignee.

38.  The '605 Patent issued on March 10, 2015.

39.  Upon information and belief, HEO3 is the exclusive licensee of the '605 Patent.

40.  Upon information and belief, Neister or PPC owns the '605 Patent.

**U.S. Patent No. 9,700,642**

41.  U.S. Patent No. 9,700,642 (the "'642 Patent") is titled, "Method and Apparatus for Sterilizing and Disinfecting Air and Surfaces and Protecting a Zone from External Microbial Contamination." *See* Ex. 4 (the '642 Patent).

42.  The '642 Patent identifies S. Edward Neister as the sole inventor.

43.  The '642 Patent does not identify any assignee.

44.  The '642 Patent issued on July 11, 2017.

45.  Upon information and belief, HEO3 is the exclusive licensee of the '642 Patent.

46.     Upon information and belief, Neister or PPC owns the '642 Patent.

## FIRST CAUSE OF ACTION

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,481,985
### (Against All Defendants)

47.     Healthe realleges and incorporate paragraphs 1–28 as though fully set forth herein.

48.     Upon information and belief, HEO3, Neister, and PPC possess rights, title, and interest in the '985 Patent sufficient to have standing to assert claims for infringement of the '985 Patent.

49.     Healthe has not infringed and does not infringe any valid and/or enforceable claim of the '985 Patent, directly or indirectly, literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale the Healthe Products.

50.     A substantial, immediate, and real controversy exists between Healthe and Defendants regarding whether Healthe infringes the '985 Patent by making, using, selling, and/or offering for sale the Healthe Products.   A judicial declaration is necessary to determine the parties' respective rights regarding the '985 Patent.

51.     Healthe seeks a judgment declaring that Healthe does not infringe, either literally or under the doctrine of equivalents, the claims of the '985 Patent by making, using, selling, and/or offering for sale the Healthe Products, either directly under 35 U.S.C. § 271(a) or indirectly under 35 U.S.C. §§ 271(b) and (c).

52.     By way of example, as explained below, the Healthe Products do not meet the limitations of claim 1 of the '985 Patent.

53.     Claim 1 of the '985 Patent is recited below:

10

A disinfecting apparatus comprising:

> a dual-single line lamp comprising:
>
>> three triaxial tubes defining two annuli there between;
>>
>> a first gas mixture selected to produce a first narrow wavelength photon emission; and
>>
>> a second gas mixture different from the first gas mixture selected to produce a second narrow wavelength photon emission that is different from the first narrow wavelength photon emission;
>>
>> a high voltage electrode located on a first tubular surface of one of the three triaxial tubes;
>>
>> a ground electrode located on a second tubular surface of one of the three triaxial tubes, the second tubular surface located opposite the two annuli from the first tubular surface; and
>
> a photon reflector secured in a spaced relationship to the dual-single line lamp positioned to direct photons to a zone or surface, whereby the disinfecting apparatus produces photons that are directed to a selected zone or surface and efficiently destroys or deactivates DNA organic bonds and proteins of microorganisms when the high voltage electrode is energized.

**The Healthe Entry Product Does Not Infringe Claim 1 of the '985 Patent**

54.    The Healthe Entry product does not infringe claim 1 of the '985 Patent.

55.    By way of example, the Healthy Entry product does not use a second gas mixture, which is different from the first gas mixture, to produce a second narrow wavelength photon emission, which is different from the first narrow wavelength photon emission.  As is clear from the annotated excerpt below from the Healthe Entry specification sheet available on Healthe's website, the Healthe Entry product uses a Far-UVC Emitter to emit Far-UVC light at one narrow wavelength, 222 nm, and thus does not use a second gas mixture to generate a second narrow wavelength photon emission:

11

**UV Sanitization Source**

| | |
|---|---|
| Wavelength | 222 nm |
| Type | FAR-UVC Emitter |
| Quantity | Five (5) |
| Average Operational Life | >3000 Hrs |

Ex. 11 (Healthe Entry Spec Sheet) at 2.

**The Healthe Space Product Does Not Infringe Claim 1 of the '985 Patent**

56.    The Healthe Space product does not infringe claim 1 of the '985 Patent.

57.    By way of example, the Healthe Space product does not use a second gas mixture, which is different from the first gas mixture, to produce a second narrow wavelength photon emission, which is different from the first narrow wavelength photon emission.  As is clear from  the annotated excerpt below from the Healthe Space specification sheet available on Healthe's website, the Healthe Space product uses a Far-UVC Emitter to emit Far-UVC light at one narrow wavelength, 222 nm, and thus does not use a second gas mixture to generate a second narrow wavelength photon emission:



**UV Sanitization Source**

| | |
|---|---|
| Wavelength | 222 nm |
| Type | FAR-UVC Emitter |
| Quantity | One (1) |
| Service Life | >3000 Hrs |

Ex. 12 (Healthe Space Spec Sheet) at 2.

**The Healthe Air Product Does Not Infringe Claim 1 of the '985 Patent**

58.    The Healthe Air product does not infringe claim 1 of the '985 Patent.

59.    By way of example, the Healthe Air product does not use a first gas mixture to produce a first narrow wavelength photon emission.  As is clear from the annotated excerpt below from the Healthe Air specification sheet available on Healthe's website, the Healthe Air uses light-emitting diode (LED) technology to produce UV light, not a gas mixture:

## Air Sanitization

| | |
|---|---|
| Filtration | HEPA-Carbon Activated Filter captures up to 99.97% of particles as small as 0.3μ |
| Air Flow Rate | 50 CFM (Max.) |
| UV Sanitization | UVC LED with peak at 275 nm and UVA LED with peak at 365 nm |
| UV LED Lifetime to L50 | >2,000 Hours |

Ex. 13 (Healthe Air Spec Sheet) at 2.

60.    The Healthe Air product also does not use a second gas mixture, which is different from the first gas mixture, to produce a second narrow wavelength photon emission, which is different from the first narrow wavelength photon emission.  As is clear from the annotated excerpt below from the Healthe Air specification sheet available on Healthe's website, the Healthe Air uses light-emitting diode (LED) technology to produce UV light, not a gas mixture:

## Air Sanitization

| | |
|---|---|
| Filtration | HEPA-Carbon Activated Filter captures up to 99.97% of particles as small as 0.3μ |
| Air Flow Rate | 50 CFM (Max.) |
| UV Sanitization | UVC LED with peak at 275 nm and UVA LED with peak at 365 nm |
| UV LED Lifetime to L50 | >2,000 Hours |

Ex. 13 (Healthe Air Spec Sheet) at 2.

**The Healthe Air 2.0 Product Does Not Infringe Claim 1 of the '985 Patent**

61.     The Healthe Air 2.0 product does not infringe claim 1 of the '985 Patent.

62.     By way of example, the Healthe Air 2.0 product does not use a first gas mixture to produce a first narrow wavelength photon emission. As is clear from the annotated excerpt below from the Healthe Air 2.0 specification sheet available on Healthe's website, the Healthe Air 2.0 uses only light-emitting diode (LED) technology to produce light, not a gas mixture:

| Air Sanitization | |
|---|---|
| UVGI Light Source | UVC LED with peak wavelenght of 265nm |
| UVC LED Lifetime to L50 | >3000 Hrs |
| Filtration | HEPA-Carbon Activated Filter captures up to 99.97% of particles as small as 0.3μ |
| Air Flow Rate | 50 CFM |

| Illumination | |
|---|---|
| LED | Standard White |
| CCT | 3000K, 3500K, 4000K, and 5000K Standard White |
| Lumen Output | 2x2: 2500Lm (3500K), 2600Lm (4000K) 2x4: 4000Lm (3500K), 4200Lm (4000K) |
| CRI | >90 |
| R9 | >50 |
| Color Chromaticity | SDCM < 5 |
| LED Lifetime to L80 | >69,000 Hours |

Ex. 14 (Healthe Air 2.0 Spec Sheet) at 2.

63.     The Healthe Air 2.0 product also does not use a second gas mixture, which is different from the first gas mixture, to produce a second narrow wavelength photon emission, which is different from the first narrow wavelength photon emission.  As is clear from the annotated excerpt below from the Healthe Air 2.0 specification sheet available on Healthe's

website, the Healthe Air 2.0 uses only light-emitting diode (LED) technology to produce

light, not a gas mixture, and thus it does not use a second gas mixture:

| Air Sanitization | |
|---|---|
| UVGI Light Source | UVC LED with peak wavelenght of 265nm |
| UVC LED Lifetime to L50 | >3000 Hrs |
| Filtration | HEPA-Carbon Activated Filter captures up to 99.97% of particles as small as 0.3µ |
| Air Flow Rate | 50 CFM |

| Illumination | |
|---|---|
| LED | Standard White |
| CCT | 3000K, 3500K, 4000K, and 5000K Standard White |
| Lumen Output | 2x2: 2500Lm (3500K), 2600Lm (4000K)<br>2x4: 4000Lm (3500K), 4200Lm (4000K) |
| CRI | >90 |
| R9 | >50 |
| Color Chromaticity | SDCM < 5 |
| LED Lifetime to L80 | >69,000 Hours |

Ex. 14 (Healthe Air 2.0 Spec Sheet) at 2.

## SECOND CAUSE OF ACTION

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,753,575
### (Against All Defendants)

64.     Healthe realleges and incorporate paragraphs 1–22 and 29–34 as though fully

set forth herein.

65.     Upon information and belief, HEO3, Neister, and PPC possess rights, title,

and interest in the '575 Patent sufficient to have standing to assert claims for infringement of

the '575 Patent.

66.     Healthe has not infringed and does not infringe any valid and/or enforceable

claim of the '575 Patent, directly or indirectly, literally or under the doctrine of equivalents,

by making, using, selling, and/or offering for sale the Healthe Products.

15

67.     A substantial, immediate, and real controversy exists between Healthe and Defendants regarding whether Healthe infringes the '575 Patent by making, using, selling, and/or offering for sale the Healthe Products.  A judicial declaration is necessary to determine the parties' respective rights regarding the '575 Patent.

68.     Healthe seeks a judgment declaring that Healthe does not infringe, either literally or under the doctrine of equivalents, the claims of the '575 Patent by making, using, selling, and/or offering for sale the Healthe Products, either directly under 35 U.S.C. § 271(a) or indirectly under 35 U.S.C. §§ 271(b) and (c).

69.     By way of example, as explained below, the Healthe Products do not meet the limitations of claim 1 of the '575 Patent.

70.     Claim 1 of the '575 Patent is recited below:

A disinfecting apparatus comprising:

> a source of photons having a wavelength that substantially corresponds to an absorption peak of amino acids or proteins in microorganisms, the wavelength being 222 nm, the source of photons producing a quantity of ozone gas;

> a photon reflector secured in a spaced relationship to the photon source, whereby the apparatus produces photons that are directed to a selected zone or surface;

> an air duct surrounding the photon source;

> a particle removal means in the duct secured in a spaced relationship to the photon source; and

> wherein the particle removal means is an electrostatic precipitator positioned downstream of an air flow from the source of photons, and constructed and arranged to convert the quantity of ozone into oxygen gas.

**The Healthe Entry Product Does Not Infringe Claim 1 of the '575 Patent**

71.     The Healthe Entry product does not infringe claim 1 of the '575 patent.

72.     By way of example, the Healthe Entry product does not have an air duct surrounding the photon source.  As is clear from the Healthe Entry sell sheet available on Healthe's website, the Healthe Entry has no air ducts.  Rather, it is a "Far-UV Sanitizing Entry Gate" that uses UVC light to "reduc[e] microbes on clothing and personal belongings as people enter a space."  Ex. 15 (Healthe Entry Sell Sheet) at 1.



Ex. 15 (Healthe Entry Sell Sheet) at 1.

73.     The Healthe Entry product also does not contain particle removal means.  As is clear from the Healthe Entry sell sheet available on Healthe's website, the Healthe Entry does not filter air, rather it is a "Far-UV Sanitizing Entry Gate" that uses UVC light to "reduc[e] microbes on clothing and personal belongings as people enter a space."  Ex. 15 (Healthe Entry Sell Sheet) at 1.  Likewise, the Healthe Entry product does not contain an electrostatic precipitator serving as particle removal means and does not contain particle removal means arranged to convert a quantity ozone generated by the source of photons into oxygen gas.

**The Healthe Space Product Does Not Infringe Clam 1 of the '575 Patent**

74.     The Healthe Space product does not infringe claim 1 of the '575 Patent.

75.     By way of example, the Healthe Space product does not have an air duct surrounding the photon source.  As is clear from the Healthe Entry sell sheet available on Healthe's website, the Healthe Space has no air ducts.  Rather it is "a passive and continuous method to sanitize air and surfaces in occupied spaces" using "222 nanometer light to inactivate microbes."  Ex. 16 (Healthe Space Sell Sheet) at 1.



Ex. 16 (Healthe Space Sell Sheet) at 1.

76. The Healthe Space product also does not contain particle removal means. As is clear from the Healthe Space sell sheet available on Healthe's website, the Healthe Space does not filter air, rather it is "a passive and continuous method to sanitize air and surfaces in occupied spaces" using "222 nanometer light to inactivate microbes." Ex. 16 (Healthe Space Sell Sheet) at 1. Likewise, the Healthe Space product does not contain an electrostatic precipitator serving as particle removal means and does not contain particle removal means arranged to convert a quantity of ozone generated by the source of photons into oxygen gas. *See* Ex. 12 (Healthe Space Spec Sheet).

**The Healthe Air Product Does Not Infringe Claim 1 of the '575 Patent**

77. The Healthe Air product does not infringe claim 1 of the '575 Patent.

78.     By way of example, the Healthe Air product does not have a source of photons having a wavelength that substantially corresponds to an absorption peak of amino acids or proteins in microorganisms, the wavelength being 222 nm.  As is clear from the Healthe Air specification sheet available on Healthe's website, the Healthe Air does not contain a source of photons having a wavelength of 222 nm.  As shown in the annotated excerpt of the specification sheet below, the Healthe Air produces UV light with peak wavelengths of 275 nm and 365 nm:

| Air Sanitization | |
| --- | --- |
| Filtration | HEPA-Carbon Activated Filter captures up to 99.97% of particles as small as 0.3µ |
| Air Flow Rate | 50 CFM (Max.) |
| UV Sanitization | UVC LED with peak at 275 nm and UVA LED with peak at 365 nm |
| UV LED Lifetime to L50 | >2,000 Hours |

Ex. 13 (Healthe Air Spec Sheet) at 2.

79.     The Healthe Air product also does not contain an electrostatic precipitator serving as particle removal means.  As is clear from the Healthe Air specification sheet available on Healthe's website and shown in the annotated excerpt below, the Healthe Air uses a "HEPA-Carbon Activated Filter" to remove particles from the air, not an electrostatic precipitator:

| Air Sanitization | |
| --- | --- |
| Filtration | HEPA-Carbon Activated Filter captures up to 99.97% of particles as small as 0.3µ |
| Air Flow Rate | 50 CFM (Max.) |
| UV Sanitization | UVC LED with peak at 275 nm and UVA LED with peak at 365 nm |
| UV LED Lifetime to L50 | >2,000 Hours |

Ex. 13 (Healthe Air Spec Sheet) at 2.

**The Healthe Air 2.0 Product Does Not Infringe Claim 1 of the '575 Patent**

80.     The Healthe Air 2.0 product does not infringe claim 1 of the '575 Patent.

81.     By way of example, the Healthe Air 2.0 product does not have a source of photons having a wavelength that substantially corresponds to an absorption peak of amino acids or proteins in microorganisms, the wavelength being 222 nm.  As is clear from the Healthe Air 2.0 specification sheet available on Healthe's website, the Healthe Air 2.0 does not contain a source of photons having a wavelength of 222 nm.  As shown in the annotated excerpt of the specification sheet below, the Healthe Air 2.0 produces UV light with a peak wavelength of 265 nm:

| Air Sanitization | |
| --- | --- |
| UVGI Light Source | UVC LED with peak wavelenght of 265nm |
| UVC LED Lifetime to L50 | >3000 Hrs |
| Filtration | HEPA-Carbon Activated Filter captures up to 99.97% of particles as small as 0.3μ |
| Air Flow Rate | 50 CFM |

Ex. 14 (Healthe Air 2.0 Spec Sheet) at 2.

82.     The Healthe Air 2.0 product also does not contain an electrostatic precipitator serving as particle removal means.  As is clear from the Healthe Air 2.0 specification sheet available on Healthe's website and shown in the annotated excerpt below, the Healthe Air 2.0 uses a "HEPA-Carbon Activated Filter" to remove particles for the air, not an electrostatic precipitator:

| Air Sanitization | |
| --- | --- |
| UVGI Light Source | UVC LED with peak wavelenght of 265nm |
| UVC LED Lifetime to L50 | >3000 Hrs |
| Filtration | HEPA-Carbon Activated Filter captures up to 99.97% of particles as small as 0.3μ |
| Air Flow Rate | 50 CFM |

Ex. 14 (Healthe Air 2.0 Spec Sheet) at 2.

## THIRD CAUSE OF ACTION

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,975,605
### (Against All Defendants)

83.    Healthe realleges and incorporate paragraphs 1–22 and 35–40 as though fully set forth herein.

84.    Upon information and belief, HEO3, Neister, and PPC possess rights, title, and interest in the '605 Patent sufficient to have standing to assert claims for infringement of the '605 Patent.

85.    Healthe has not infringed and does not infringe any valid and/or enforceable claim of the '605 Patent, directly or indirectly, literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale the Healthe Products.

86.    A substantial, immediate, and real controversy exists between Healthe and Defendants regarding whether Healthe infringes the '605 Patent by making, using, selling, and/or offering for sale the Healthe Products.   A judicial declaration is necessary to determine the parties' respective rights regarding the '605 Patent.

87.    Healthe seeks a judgment declaring that Healthe does not infringe, either literally or under the doctrine of equivalents, the claims of the '605 Patent by making, using, selling, and/or offering for sale the Healthe Products, either directly under 35 U.S.C. § 271(a) or indirectly under 35 U.S.C. §§ 271(b) and (c).

88.    By way of example, as explained below, the Healthe Products do not meet the limitations of claim 1 of the '605 Patent.

89.    Claim 1 of the '605 Patent is recited below

22

A process for destroying or deactivating the DNA organic bonds and proteins of microorganisms comprising the steps of:

generating photons of at least two single line wavelengths from a non-coherent light source selected from the group consisting of at least two wavelengths being of 222 nm, 254 nm, and 282 nm;

directing the photons to a substance to be disinfected, whereby the photons destroy or deactivate the DNA organic bonds and proteins of microorganisms;

exposing the surface to be disinfected to the generated photons of at least two wavelengths, wherein the exposing achieves a ninety percent kill of microorganisms in a time period of less than one second.

**The Healthe Entry Product Does Not Infringe Claim 1 of the '605 Patent**

90.     The Healthe Entry product does not infringe claim 1 of the '605 Patent.

91.     By way of example, the Healthe Entry product does not generate photons of at least two single line wavelengths selected from the group consisting of 222 nm, 254 nm, and 282 nm.   As is clear from the Healthe Entry specification sheet available on Healthe's website and the annotated excerpt below, the Healthy Entry generates light at one narrow wavelength: 222 nm.

| UV Sanitization Source | |
|---|---|
| Wavelength | 222 nm |
| Type | FAR-UVC Emitter |
| Quantity | Five (5) |
| Average Operational Life | >3000 Hrs |

Ex. 11 (Healthe Entry Spec Sheet) at 2.

**The Healthe Space Product Does Not Infringe Claim 1 of the '605 Patent**

92.     The Healthe Space product does not infringe claim 1 of the '605 Patent.

93.     By way of example, the Healthe Space product does not generate photons of at least two single line wavelengths selected from the group consisting of 222 nm, 254 nm, and 282 nm.  As is clear from the Healthe Space specification sheet available on Healthe's website and the annotated excerpts below, the Healthe Space product generates Far-UVC light having a narrow wavelength of 222 nm and uses Standard White LEDs to generate light having a peak wavelength at 435 nm:

| UV Sanitization Source | |
|---|---|
| Wavelength | 222 nm |
| Type | FAR-UVC Emitter |
| Quantity | One (1) |
| Service Life | >3000 Hrs |

| Illumination Source | |
|---|---|
| LED | Standard White LEDs with a peak at 435 nm to activate antimicrobial properties of TiO$_2$ coatings and cleaners |
| CCT | 4000K and 3000K |
| Lumen Output | 600 Lm |
| CRI | >90 |
| R9 | >50 |
| Color Chromaticity | SDCM ≤ 5 |
| LED Lifetime to L80 | >69,000 Hours |

Ex. 12 (Healthe Space Spec Sheet) at 2.

**The Healthe Air Product Does Not Infringe Claim 1 of the '605 Patent**

94.     The Healthe Air product does not infringe claim 1 of the '605 Patent.

95.     By way of example, the Healthe Air product does not generate photons of at least two single line wavelengths selected from the group consisting of 222 nm, 254 nm, and

282 nm. As is clear from the Healthe Air specification sheet available on Healthe's website and the annotated excerpt below, the Healthe Air generates UV light with peak wavelengths of 275 nm and 365 nm:

| Air Sanitization | |
| --- | --- |
| Filtration | HEPA-Carbon Activated Filter captures up to 99.97% of particles as small as 0.3μ |
| Air Flow Rate | 50 CFM (Max.) |
| UV Sanitization | UVC LED with peak at 275 nm and UVA LED with peak at 365 nm |
| UV LED Lifetime to L50 | >2,000 Hours |

Ex. 13 (Healthe Air Spec Sheet) at 2.

**The Healthe Air 2.0 Product Does Not Infringe Claim 1 of the '605 Patent**

96.  The Healthe Air 2.0 product does not infringe claim 1 of the '605 Patent.

97.  By way of example, the Healthe Air 2.0 product does not generate photons of at least two single line wavelengths selected from the group consisting of 222 nm, 254 nm, and 282 nm. As is clear from the Healthe Air 2.0 specification sheet available on Healthe's website and the annotated excerpt below, the Healthe Air 2.0 generates UV light with a peak wavelength of 265 nm:

| Air Sanitization | |
| --- | --- |
| UVGI Light Source | UVC LED with peak wavelenght of 265nm |
| UVC LED Lifetime to L50 | >3000 Hrs |
| Filtration | HEPA-Carbon Activated Filter captures up to 99.97% of particles as small as 0.3μ |
| Air Flow Rate | 50 CFM |

Ex. 14 (Healthe Air 2.0 Spec Sheet) at 2.

**FOURTH CAUSE OF ACTION**

**Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,700,642**
**(Against All Defendants)**

98.     Healthe realleges and incorporates paragraphs 1–22 and 41–46 as though fully set forth herein.

99.     Upon information and belief, HEO3, Neister, and PPC possess rights, title, and interest in the '642 Patent sufficient to have standing to assert claims for infringement of the '642 Patent.

100.    Healthe has not infringed and does not infringe any valid and/or enforceable claim of the '642 Patent, directly or indirectly, literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale the Healthe Products.

101.    A substantial, immediate, and real controversy exists between Healthe and Defendants regarding whether Healthe infringes the '642 Patent by making, using, selling, and/or offering for sale the Healthe Products.   A judicial declaration is necessary to determine the parties' respective rights regarding the '642 Patent.

102.    Healthe seeks a judgment declaring that Healthe does not infringe, either literally or under the doctrine of equivalents, the claims of the '642 Patent by making, using, selling, and/or offering for sale the Healthe Products, either directly under 35 U.S.C. § 271(a) or indirectly under 35 U.S.C. §§ 271(b) and (c).

103.    By way of example, as explained below, Healthe's Accused Products do not meet the limitations of claim 12 of the '642 Patent.

104.    Claim 12 of the '642 Patent is recited below:

A process for destroying a DNA or RNA of a microorganism on a substance or surface comprising the steps of:

generating photons of at least two single line wavelengths corresponding to a peak absorption wavelength of DNA or RNA, the at least two single line wavelengths being at least two of 222 nm, 254 nm and 282 nm; and

directing the photons to the substance or surface to be disinfected, whereby the photons are selected to destroy a plurality of chemical bonds within the DNA or RNA of the microorganisms.

**The Healthe Entry Product Does Not Infringe Claim 12 of the '642 Patent**

105.    The Healthe Entry product does not infringe claim 12 of the '642 Patent.

106.    By way of example, the Healthe Entry product does not generate at least two single line wavelengths being at least two of 222 nm, 254 nm, and 282 nm. As is clear from the Healthe Entry specification sheet available on Healthe's website and the annotated excerpt below, the Healthe Entry product generates light at one narrow wavelength: 222 nm.

| UV Sanitization Source | |
|---|---|
| Wavelength | 222 nm |
| Type | FAR-UVC Emitter |
| Quantity | Five (5) |
| Average Operational Life | >3000 Hrs |

Ex. 11 (Healthe Entry Spec Sheet) at 2.

**The Healthe Space Product Does Not Infringe Claim 12 of the '642 Patent**

107.    The Healthe Space product does not infringe claim 12 of the '642 Patent.

108.    By way of example, the Healthe Space product does not generate at least two single line wavelengths being at least two of 222 nm, 254 nm, and 282 nm. As is clear from

the Healthe Space specification sheet available on Healthe's website and the annotated excerpt below, the Healthe Space product generates Far-UVC light having a narrow wavelength of 222 nm and uses Standard White LEDs to generate light having a peak wavelength at 435 nm:





109.    Ex. 12 (Healthe Space Spec Sheet) at 2.

**The Healthe Air Product Does Not Infringe Claim 12 of the '642 Patent**

110.    The Healthe Air product does not infringe claim 12 of the '642 Patent.

111.    By way of example, the Healthe Air product does not generate at least two single line wavelengths being at least two of 222 nm, 254 nm, and 282 nm. As is clear from the Healthe Air specification sheet available on Healthe's website and the annotated excerpt below, the Healthe Air generates UV light with peak wavelengths of 275 nm and 365 nm:

| Air Sanitization | |
| --- | --- |
| Filtration | HEPA-Carbon Activated Filter captures up to 99.97% of particles as small as 0.3μ |
| Air Flow Rate | 50 CFM (Max.) |
| UV Sanitization | UVC LED with peak at 275 nm and UVA LED with peak at 365 nm |
| UV LED Lifetime to L50 | >2,000 Hours |

Ex. 13 (Healthe Air Spec Sheet) at 2.

**The Healthe Air 2.0 Product Does Not Infringe Claim 12 of the '642 Patent**

112.     The Healthe Air 2.0 product does not infringe claim 12 of the '642 Patent.

113.     By way of example, the Healthe Air 2.0 product does not generate at least two single line wavelengths being at least two of 222 nm, 254 nm, and 282 nm.  As is clear from the Healthe Air 2.0 specification sheet available on Healthe's website and the annotated excerpt, the Healthe Air 2.0 generates UV light with a peak wavelength of 265 nm:

| Air Sanitization | |
| --- | --- |
| UVGI Light Source | UVC LED with peak wavelenght of 265nm |
| UVC LED Lifetime to L50 | >3000 Hrs |
| Filtration | HEPA-Carbon Activated Filter captures up to 99.97% of particles as small as 0.3μ |
| Air Flow Rate | 50 CFM |

Ex. 13 (Healthe Air 2.0 Spec Sheet) at 2.

**FIFTH CAUSE OF ACTION**

**Unfair Competition under the Florida Deceptive and Unfair Trade Practices Act
(Against Defendants HEO3 and Neister)**

114.     Healthe realleges and incorporate paragraphs 1–113 as though fully set forth herein.

115.     Healthe and HEO3 are competitors and compete for sales to a common pool of customers in the market for UVC sanitization products. Upon information and belief, this

direct competition is the very reason why HEO3 sent letters and emails to Healthe's customers making false patent-infringement allegations regarding the Healthe Products.

116.    HEO3's false patent-infringement allegations regarding the Healthe Products to Healthe's customers were made in bad faith.  HEO3's communications to Healthe's customers acknowledge that HEO3 has reviewed information regarding the Healthe Products on Healthe's website.  It is clear from a review of the publicly available information on Healthe's website regarding these products, however, that the Healthe Products do not infringe the Patents-in-Suit and that HEO3's threats that Healthe's customers face liability for infringement of the Patent-in-Suit by using Healthe Products are objectively baseless, including for the reasons explained in paragraphs 47–113.  Furthermore, HEO3's threats that Healthe's customers face liability for infringement of Neister's pending patent application are objectively baseless because that application has no allowed claims, is currently under a final rejection by the United States Patent and Trademark Office, and has not issued as a patent.  A patent that does not exist cannot be infringed.  That HEO3 continued making baseless patent infringement threats to Healthe customers the day after Healthe advised HEO3 that its claims were baseless and requested HEO3 to cease and desist from making additional infringement claims, further demonstrates that these threats were made in bad faith.

117.    HEO3's baseless threats of liability for patent infringement to Healthe's customers are an unfair attempt by HEO3 to compete with Healthe and to gain unjustified licensing revenue for the Patents-in-Suit.  HEO3's threats are also deceptive and are likely to

mislead Healthe's customers into believing they are liable for infringement of the Patents-in-Suit and inhibit their use of Healthe Products.

118.    Healthe has suffered actual damages, including damage to its reputation and goodwill, due to HEO3's baseless threats of liability for patent infringement to Healthe's customers.

119.    Upon information and belief, as a founder, member, manager, and officer of HEO3 as well as the owner of the Patents-in-Suit, which he has exclusively licensed to HEO3, Neister exerts substantial control over HEO3 and has directed and authorized HEO3's baseless threats of infringement to Healthe's customers. Upon information and belief, Neister stands to personally and individually benefit from HEO3's baseless threats of infringement to Healthe's customers and has acted for his own personal and individual benefit by directing and authorizing these threats.

120.    As evidenced by the aforementioned conduct and intentional acts, HEO3 and Neister have violated FDUTPA.

121.    For HEO3's and Neister's violations of FDUTPA, Healthe seeks to recover its actual damages, its attorneys' fees in this action, and all court costs. Healthe also seeks to enjoin HEO3 and Neister from continuing to unfairly and deceptively compete with Healthe in violation of FDUTPA.

### SIXTH CAUSE OF ACTION

### Unfair Competition under Florida Common Law
### (Against Defendants HEO3 and Neister)

122.    Healthe realleges and incorporate paragraphs 1–113 as though fully set forth herein.

31

123.    Healthe and HEO3 are competitors and compete for sales to a common pool of customers in the market for UVC sanitization products.  Upon information and belief, this direct competition is the very reason why HEO3 sent letters and emails to Healthe's customers making false patent-infringement allegations regarding the Healthe Products.

124.    HEO3's false patent-infringement allegations regarding the Healthe Products to Healthe's customers were made in bad faith.  HEO3's communications to Healthe's customers acknowledge that HEO3 has reviewed information regarding the Healthe Products on Healthe's website.  It is clear from a review of the publicly available information on Healthe's website regarding these products, however, that the Healthe Products do not infringe the Patents-in-Suit and that HEO3's threats that Healthe's customers face liability for infringement of the Patent-in-Suit by using Healthe Products are objectively baseless, including for the reasons explained in paragraphs 47–113.  Furthermore, HEO3's threats that Healthe's customers face liability for infringement of Neister's pending patent application are objectively baseless because that application has no allowed claims, is currently under a final rejection by the United States Patent and Trademark Office, and has not issued as a patent.  A patent that does not exist cannot be infringed.  That HEO3 continued making baseless patent infringement threats to Healthe customers the day after Healthe advised HEO3 that its claims were baseless and requested HEO3 to cease and desist from making additional infringement claims, further demonstrates that these threats were made in bad faith.

125.    HEO3's baseless threats of liability for patent infringement to Healthe's customers are deceptive and are likely to mislead and confuse Healthe's customers into believing they are liable for infringement of the Patents-in-Suit.

126.    Healthe has suffered actual damages, including but not limited to damage to its reputation and goodwill, due to HEO3's baseless threats of liability for patent infringement to Healthe's customers.

127.    Upon information and belief, as a founder, member, manager, and officer of HEO3 as well as the owner of the Patents-in-Suit, which he has exclusively licensed to HEO3, Neister exerts substantial control over HEO3 and has directed and authorized HEO3's baseless threats of infringement to Healthe's customers.   Upon information and belief, Neister stands to personally and individually benefit from HEO3's baseless threats of infringement to Healthe's customers and has acted for his own personal and individual benefit by directing and authorizing these threats.

128.    For HEO3's and Neister's unfair competition with Healthe in violation of Florida common law, Healthe seeks to recover its actual damages, its attorneys' fees in this action, and all court costs.  Healthe also seeks to enjoin HEO3 and Neister from continuing to unfairly compete with Healthe in violation of Florida common law.   An injunction is warranted because Healthe has suffered and will continue to suffer irreparable harm as a result of HEO3's and Neister's unfair competition with Healthe in violation of Florida common law, at least in the form of lost goodwill.  HEO3 and Neister will not be unduly prejudiced by an injunction preventing them from continuing to compete unfairly with

Healthe and the public interest is furthered by preventing HEO3 and Neister from continuing to baselessly accuse the Healthe Products of infringing the Patents-in-Suit.

## PRAYER FOR RELIEF

WHEREFORE, Healthe respectfully requests that the Court enter judgment in favor of Healthe and prays that the Court grant the following relief to Healthe:

(a)     A judgment that Healthe does not infringe, either directly or indirectly, any claim of the '985 Patent, the '575 Patent, the '605 Patent, and/or the '642 Patent, either literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale the Healthe Products, and that it is therefore not liable for damages or injunctive relief as a result of these activities;

(b)     A judgement that the Healthe Products do not infringe any claim of the Patents-in-Suit;

(c)     A judgment that this is an exceptional case under 35 U.S.C. § 285;

(d)     A judgment that HEO3 and Neister have violated the Florida Deceptive and Unfair Trade Practices Act, in accordance with Fla. Stat. § 501.211(1);

(e)     A judgment that HEO3 and Neister have taken actions constituting unfair competition under Florida common law;

(f)     A damages award equivalent to all of Healthe's actual damages associated with HEO3's and Neister's violation of the Florida Deceptive and Unfair Trade Practices Act, in accordance with Fla. Stat. § 501.211(2), and any and all other recoverable damages associated with HEO3's and Neister's unfair competition under Florida common law;

(g)    A permanent injunction enjoining HEO3 and Neister from continuing to make false and baseless threats of liability for infringement of the Patents-in-Suit to Healthe's customers, in violation of the Florida Deceptive and Unfair Trade Practices Act in accordance with Fla. Stat. § 501.211(1), and in violation of Florida common law prohibiting unfair competition;

(h)    An award of Healthe's attorneys' fees and costs, in accordance with 35 U.S.C. § 285 and § 501.211(2).

## JURY DEMAND

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Healthe respectfully demands a jury trial of all issues triable to a jury in this action.

Dated: December 8, 2020.

Respectfully submitted,

David S. Wood, Esq. Trial Counsel
Email: david.wood@akerman.com
Monica M. Kovecses, Esq.
Florida Bar No.: 105382
Email: monica.kovecses@akerman.com
**AKERMAN LLP**
Post Office Box 231
Orlando, Florida 32802-0231
Phone: (407) 423-4000
Fax: (407) 843-6610

and

Garret A. Leach, P.C. (*pro hac vice pending*)
Email: garret.leach@kirkland.com
Eric D. Hayes, P.C. (*pro hac vice pending*)
Email: eric.hayes@kirkland.com
Adam M. Kaufmann, Esq. (*pro hac vice pending*)

Email:  adam.kaufmann@kirkland.com
**KIRKLAND & ELLIS LLP**
300 N. La Salle
Chicago, IL 60654
Phone:  (312) 862-2000

*Counsel for Plaintiff HEALTHE, INC.*