# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| HEALTHE, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>HIGH ENERGY OZONE LLC d/b/a FAR-UV STERILRAY; S. EDWARD NEISTER; AND PATHOGEN PATH CONSULTING LLC,<br><br>        Defendants. | Case No. 6-20-cv-02233-RBD-EJK |

## DEFENDANTS' MOTION FOR LEAVE TO FILE A REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

Pursuant to Local Rule 3.01(d), Defendants High Energy Ozone LLC d/b/a Far-UV Sterilray; S. Edward Neister; and Pathogen Path Consulting LLC (collectively, "Defendants"), respectfully request leave of Court to file a reply to Plaintiff Healthe, Inc.'s Response in Opposition ("Plaintiff's Opposition," Dkt. 32) to Plaintiff's Motion to Dismiss for Lack of Personal Jurisdiction, or, in the Alternative, to Transfer Venue ("Defendants' Motion," Dkt. 28).

"The purpose of a reply brief is to rebut any new law or facts contained in the opposition's response to a request for relief before the Court." *Tardif v. People for Ethical Treatment of Animals*, 2011 WL 2729145, at *2 (M.D. Fla. July 13, 2011). While the Local Rules permit a party to seek leave to file a reply, a movant must

show good cause for doing so. *See McDonald v. United States*, 2013 WL 3901871, at *1 n. 3 (M.D. Fla. 2013). "[T]he Court will not grant leave to file a reply brief unless the reply will benefit the Court's resolution of the pending motion." *Fiddler's Creek, LLC v. Naples Lending Group LC (In re Fiddler's Creek, LLC)*, 2015 WL 4470093, at *2 (M.D. Fla. 2015) (granting motion to file reply) (citation omitted).

Good cause exists for Defendants to file a reply brief in response to Plaintiff's Opposition for two reasons: (1) Plaintiff raises, *for the first time*, the argument that personal jurisdiction should extend over Defendants under Florida's long-arm statute for committing a tortious act in the forum, namely the sending of cease and desist letters in "bad faith;" and (2) Plaintiff relies on irrelevant case law to draw inaccurate conclusions in making this argument. *See* Plaintiff's Opposition, Dkt. 32 at 4-8; Fla. Stat. § 48.193(1)(a)(2). Defendants' reply would assist the Court in understanding how, when considering the four corners of Plaintiff's Complaint, Plaintiff is unable to show that Defendants' enforcement activities were made in bad faith. Further, application of binding precedent does not allow the extension of personal jurisdiction over Defendants based on the sending of cease and desist letters to residents in the forum alone. Each point is addressed in turn below.

*First*, Plaintiff is under the impression that Defendants' attempts to enforce its patents were made in bad faith, and this allows personal jurisdiction over

2

Defendants. Defendants should have the opportunity to file a reply brief to explain to the Court how any allegations of bad faith patent enforcement in Plaintiff's Complaint are conclusory and should not be taken as truth. On the contrary, Defendants had a good faith basis for asserting that its patents were infringed, and Plaintiff's Complaint, with all factual allegations taken as true, does not show otherwise.

*Second*, Plaintiff cites a number of cases, none of which stand for the proposition that personal jurisdiction may be extended over defendants for the sending of cease and desist letters alone.[1] Plaintiff's Opposition raises arguments that contradict Federal Circuit precedent, and Defendants should be allowed a reply brief to assist the Court in differentiating the cases Plaintiff cites from the facts at hand.

Defendants assert that its reply brief would be no more than seven (7) pages in length. For the reasons stated herein, leave of Court is appropriate to allow Defendants to file a reply to provide clarification to benefit the Court's ultimate resolution of Defendants' Motion.

---

[1] Defendants are aware that one opinion cited by Plaintiff, *Dolco Packaging Corp. v. Creative Indus., Inc.*, 1 U.S.P.Q.2d 1586 (C.D. Cal. 1986), was decided before case law on the issue was developed, and therefore is contrary to binding precedent on the issue. *See The StayWell Co. v. Wang*, 2006 WL 2473638, at *3 (E.D. Pa. 2006) (discussing *Dolco Packaging*) ("The continued viability of these decisions is highly doubtful. First, they well precede the Ninth Circuit's ruling in *Yahoo!*. Moreover, neither opinion is especially persuasive; this is undoubtedly why other Courts in the Central District have declined to follow them.").

## **CERTIFICATION UNDER LOCAL RULE 3.01(g)**

Pursuant to Local Rule 3.01(g), I hereby certify that on February 8, 2021, I conferred with counsel for Plaintiff, *via email*, in a good faith effort to resolve the dispute before seeking court intervention regarding the relief requested herein, and counsel stated they oppose the relief sought herein by Defendants.

Dated:  February 9, 2021          Respectfully submitted,

/s/ Brent P. Ray
Alex L. Braunstein
Fox Rothschild LLP
Florida Bar No. 98289
777 South Flagler Drive
Suite 1700, West Tower
West Palm Beach, FL 33401
Tel.: (561) 804-4497
Fax: (561) 835-9602
Email: abraunstein@foxrothschild.com

Brent P. Ray (*pro hac vice*)
(IL Bar No. 6291911)
KING & SPALDING LLP
353 N. Clark St., Ste. 1200
Chicago, IL  60654
Phone: (312) 995-6333
Email: bray@kslaw.com

*Attorneys for Defendants High Energy Ozone LLC d/b/a Far-UV Sterilray; S. Edward Neister; and Pathogen Path Consulting LLC*

4

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2021, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Alex L. Braunstein*
Alex L. Braunstein
