IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HEALTHE, INC., )
)
    Plaintiff, )
)
          v. )   Case No. 6-20-cv-02233-RBD-EJK
)
HIGH ENERGY OZONE LLC d/b/a )
FAR-UV STERILRAY; S. EDWARD )
NEISTER; AND PATHOGEN )
PATH CONSULTING LLC, )
)
    Defendants. )

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS
HIGH ENERGY OZONE LLC D/B/A FAR-UV STERILRAY;
<u>S. EDWARD NEISTER; AND PATHOGEN PATH CONSULTING LLC</u>**

High Energy Ozone LLC d/b/a Far-UV Sterilray ("HEO3"); S. Edward
Neister ("Neister"); and Pathogen Path Consulting LLC ("PPC") hereby state
as follows:

## <u>INTRODUCTION</u>

More than fifteen years ago, physicist S. Edward Neister developed and
patented a method for deactivating or destroying harmful microorganisms
using a new spectrum of ultraviolet (UV) light. Neister's method included the
development and use of Krypton-Chloride excimer lamps that emit a peak
wavelength at 222 nm in conjunction with other wavelengths. Unlike the 254

nm UV light—which had been used for decades for sanitization but was dangerous to humans—applying 222 nm UV light does not penetrate human skin or eyes, making it far better and more useful than traditional lamps and methods of use.

Neister's patented technology became the foundation for the family business. Neister and his brother John Neister originally founded the company that would become HEO3, d/b/a Far-UV Sterilray, in 2005 in a small town in New Hampshire. By years' end, HEO3 will be producing 60,000 lamps per year and selling products that incorporate those lamps to perform Neister's patented method of killing harmful microorganisms.

The global COVID-19 pandemic took the world by surprise in early 2020; but the hard work of the Neister brothers anticipated such a crisis. Their Excimer Wave Sterilray™ technology, products, and patented methods positioned HEO3 to be the global leader in UV light disinfection technology. During the pandemic, they received much attention. New research and start-up companies sprung forth to capitalize on sanitization using far-UV light in the 222 nm range. And as the first-to-market and innovator of this technology, HEO3 sought to defend their intellectual property rights by notifying such companies of the existence of HEO's patent portfolio.

2

One such company born in 2019 and thriving on the advent of the global pandemic is Healthe, Inc ("Healthe"). Healthe is not a UV light technology company; it owns no patents and makes no claims of independent development of technology that drives its products. Instead, Healthe is opportunistic, sourcing and relying upon development of components by third parties that Healthe incorporates into its products. Healthe is no doubt growing quickly to capitalize on the exploding needs of customers in this field.

But in the process of rapidly expanding, Healthe—willfully and in bad faith—learned of Neister's first-in-class patent portfolio, made a low-ball offer for a license, and when Neister and HEO3 refused to exclusively license its valuable portfolio for pennies-on-the-dollar, willfully infringed the patents instead. As Healthe alleged in its Complaint, Healthe received a notice letter from HEO3 on June 11, 2020. Thereafter, Healthe engaged in what seemed to be good-faith negotiation, but it turned out to be a bait-and-switch. Healthe's founder and Chief Scientific Officer, Fred Maxik, met with Neister and his brother John in New Hampshire on July 30, 2020 and, under the confidentiality of an NDA, evaluated Neister's portfolio. The parties engaged in negotiation of a global license, but the terms exchanged were as different

as black and white. Rather than pay fair value for the right to use HEO3's technology, Healthe made the conscious choice to infringe.

But not only did Healthe willfully infringe, it decided to file this lawsuit. The premise of Healthe's declaratory judgement complaint, however, is faulty. Specifically, Healthe's lawsuit is based in large part upon two notice letters HEO3 sent to Healthe's customers—letters that Healthe argues shows that HEO3 conducted an unlawful patent enforcement campaign in bad faith. But not only were HEO's notice letters sent in good faith, Healthe's Complaint reveals that it does not understand the science behind its own products.

Specifically, Healthe states that "[a]s is clear from the Healthe Entry specification sheet available on Healthe's website and the annotated excerpt below, the Healthe Entry generates a light at one narrow wavelength: 222 nm." [D.E. 1 at ¶ 91.] Eden Park supplies Healthe with lamps for two of the accused products (Entry™ and Space™). Eden Park's website displays a graph that shows—as a matter of science—that more than one peak is present (next page):



*See, e.g.*, Appendix, Ex. C at 3 (citing https://edenpark.com/ (annotations added)). HEO3's notice letters—to Healthe and its customers—are rooted in science and fact.

This case is not about unfair competition by HEO3. It is about a well-funded start-up company racing to capitalize on a global pandemic by any means necessary—including willful patent infringement.

## ANSWER

Defendants High Energy Ozone LLC d/b/a Far-UV Sterilray ("HEO3"); S. Edward Neister ("Neister"); and Pathogen Path Consulting LLC ("PPC") (collectively, "Defendants") hereby reply to the numbered allegations in Plaintiff Healthe Inc.'s ("Healthe") Complaint and set forth their affirmative defenses thereto. To the extent that the headings or other nonnumbered statements in Healthe's Complaint contain any allegations, Defendants deny each and every allegation therein.

This pleading is based upon Defendants' present knowledge as to their own activities, and upon information and belief as to the activities of others. Except as specifically admitted below, Defendants deny the allegations of Healthe's Complaint. Any factual allegation below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that may arguably follow from the admitted facts. Defendants deny that Healthe is entitled to the relief requested or to any other relief.

1.     This paragraph contains legal conclusions to which no response is required. To the extent allegations in paragraph 1 require a response, Defendants deny them.

## THE PARTIES

2.      On information and belief, Defendants admit the allegations of paragraph 2.

3.      Admitted.

4.      Admitted.

5.      Admitted.

## JURISDICTION AND VENUE

6.      This paragraph contains legal conclusions to which no response is required. To the extent allegations in paragraph 6 require a response, Defendants deny them. Defendants deny that Healthe's products, including the Healthe Entry™ and the Healthe Space™ products, do not infringe U.S. 8,975,605 ("the '605 patent"); and 9,700,642 ("the '642 patent"). Defendants are without sufficient information, based upon publicly available material, to admit or deny whether the Healthe Entry™ and the Healthe Space™ products infringe any claim of U.S. Patent Nos. 8,481,985 ("the '985 patent") or 8,753,575 ("the '575 patent"), and on that basis, deny them. Defendants also are without sufficient information, based upon publicly available material, to admit or deny whether the Healthe Air™ and Healthe Air 2.0™ products infringe any claim of U.S. Patent Nos. 8,481,985; 8,753,575;

8,975,605; and 9,700,642 (collectively, the "Patents-in-Suit"), and on that basis, deny them.

7.     Defendants deny the allegations in paragraph 7. Defendants deny making "bad faith and objectively baseless threats against Healthe and Healthe customers" and deny that Healthe is entitled to damages or injunctive relief.

8.     Defendants admit that, for purposes of this action only, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 2201, 2202, 1331, and 1338. To the extent there are any remaining allegations in paragraph 8, Defendants deny them.

9.     Defendants admit that, for purposes of this action only, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1338(b) and 1357(a). To the extent there are any remaining allegations in paragraph 9, Defendants deny them.

10.     Defendants deny the allegations in paragraph 10. Defendants deny that venue is proper in this District or that "a substantial part of the events giving rise to the claims asserted in this action occurred in this District."

11.     Defendants deny the allegations of paragraph 11, except admit that HEO3 sent a notice letter to Healthe and a customer to inform them of

HEO3's patent rights and their potential infringement. Defendants further admit that they collaborated with J. James Rowsey, M.D. but that research is not claimed in the Patents-in-Suit. Defendants further admit that HEO3 maintains a website accessible in the Middle District of Florida. Defendants deny that this Court has personal jurisdiction over HEO3 or that any Defendant has committed intentional tortious acts against a citizen of the State of Florida.

12.    Defendants deny the allegations of paragraph 12, except admit that Neister is the founder and Chief Technology Officer of HEO3. Defendants further admit Neister owns the Patents-in-Suit and HEO3 is the exclusive licensee. Defendants further admit that HEO3 has sent notice letters informing the recipients of HEO3's patent rights and their potential infringement. Defendants deny any Defendant performed "extra-judicial patent enforcement" or committed any intentional tortious acts against a citizen of the State of Florida.  Defendants deny that this Court has personal jurisdiction over Neister.

13.    Defendants deny the allegations of paragraph 13, except admit that Neister is a member of PPC. Defendants further admit that HEO3 has sent notice letters informing the recipients of HEO3's patent rights and their potential infringement. Defendants deny any defendant performed "extra-

judicial patent enforcement" or committed any intentional tortious acts against a citizen of the State of Florida. Defendants deny that this Court has personal jurisdiction over PPC or that PPC is a proper party to this Action.

## **GENERAL ALLEGATIONS**

14.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and on that basis, deny them.

15.   Admitted.

16.   Admitted.

17.   Admitted.

18.   Defendants admit that on June 11, 2020 counsel for HEO3 sent Healthe a letter informing Healthe of HEO3's patents and intent to defend its intellectual property rights. Otherwise, denied.

19.   Defendants admit that in November 2020, John Neister sent a notice letter informing the recipient of HEO3's patents and intent to defend its intellectual property rights. Defendants deny the remaining allegations of paragraph 19, including because Defendants lack knowledge or information sufficient to form a belief as to their truth.

20.   Defendants admit that on November 22, 2020, counsel for Healthe sent a letter to counsel for HEO3. Otherwise, denied.

10

21.   Defendants admit that on November 23, 2020, John Neister sent a notice letter by email informing the recipient of HEO3's patents and intent to enforce its intellectual property rights. Defendants deny the remaining allegations of paragraph 21, including because defendants lack knowledge or information sufficient to form a belief as to their truth.

22.   Defendants deny the allegations in paragraph 22, except admit that, on information and belief, Healthe maintains the website at URL https://healtheinc.com. Defendants further admit Exhibits 11-16 to the Complaint appear to be copies of specification sheets for Healthe products.

## THE PATENTS-IN-SUIT

### U.S. Patent No. 8,481,985

23.   Defendants admit that the '985 patent is titled "Method and Apparatus for Producing a High Level of Disinfection in Air and Surfaces" and that Exhibit 1 to the Complaint appears to be a copy of the '985 patent.

24.   Defendants admit Neister is the sole inventor of the '985 patent.

25.   Defendants admit the '985 patent does not on its face identify an assignee.

26.   Defendants admit the '985 patent issued on July 9, 2013.

27.   Defendants admit HEO3 is the exclusive licensee of the '985 patent.

28.  Defendants admit Neister owns the '985 patent. Defendants deny PPC owns the '985 patent or is a proper party to this action.

## U.S. Patent No. 8,753,575

29.  Defendants admit that the '575 patent is titled "Method and Apparatus for Sterilizing and Disinfecting Air and Surfaces and Protecting a Zone from External Microbial Contamination" and that Exhibit 2 to the Complaint appears to be a copy of the '575 patent.

30.  Defendants admit Neister is the sole inventor of the '575 patent.

31.  Defendants admit the '575 patent does not on its face identify an assignee.

32.  Defendants admit the '575 patent issued on June 17, 2014.

33.  Defendants admit HEO3 is the exclusive licensee of the '575 patent.

34.  Defendants admit Neister owns the '575 patent. Defendants deny PPC owns the '985 patent or is a proper party to this action.

## U.S. Patent No. 8,975,605

35.  Defendants admit that the '605 patent is titled "Method and Apparatus for Producing a High Level Disinfection in Air and Surfaces" and that Exhibit 3 to the Complaint appears to be a copy of the '605 patent.

36.  Defendants admit Neister is the sole inventor of the '605 patent.

37.   Defendants admit the '605 patent does not on its face identify an assignee.

38.   Defendants admit the '605 patent issued on March 10, 2015.

39.   Defendants admit HEO3 is the exclusive licensee of the '605 patent.

40.   Defendants admit Neister owns the '605 patent. Defendants deny PPC owns the '605 patent or is a proper party to this action.

### U.S. Patent No. 9,700,642

41.   Defendants admit that the '642 patent is titled "Method and Apparatus for Sterilizing and Disinfecting Air and Surfaces and Protecting a Zone from External Microbial Contamination" and that Exhibit 4 to the Complaint appears to be a copy of the '642 patent.

42.   Defendants admit Neister is the sole inventor of the '642 patent.

43.   Defendants admit the '642 patent does not on its face identify an assignee.

44.   Defendants admit the '642 patent issued on July 11, 2017.

45.   Defendants admit HEO3 is the exclusive licensee of the '642 patent.

46.   Defendants admit Neister owns the '642 patent. Defendants deny PPC owns the '642 patent or is a proper party to this action.

## FIRST CAUSE OF ACTION
### Declaratory Judgment of Non-Infringement of
### U.S. Patent No. 8,481,985
### (Against All Defendants)

47.    Defendants incorporate by reference, as if fully set forth herein, their response to each of Paragraphs 1-28 of the Complaint.

48.    Defendants deny PPC has any rights, title, or interest in the '985 patent or standing to assert claims for infringement of the '985 patent. Otherwise, admitted.

49.    This paragraph contains legal conclusions to which no response is required. To the extent allegations in paragraph 49 require a response, Defendants are without sufficient information, based upon publicly available material, to admit or deny these allegations, and on that basis deny them.

50.    This paragraph contains legal conclusions to which no response is required. To the extent allegations in paragraph 50 require a response, Defendants deny them.

51.    Defendants deny the allegations of paragraph 51, except admit Healthe's Complaint purports to seek a judgment of noninfringement. Defendants are without sufficient information, based upon publicly available material, to admit or deny these allegations, and on that basis deny them.

52.   This paragraph contains legal conclusions to which no response is required. To the extent allegations in paragraph 49 require a response, Defendants are without sufficient information, based upon publicly available material, to admit or deny these allegations, and on that basis deny them.

53.   Defendants admit paragraph 53 recites claim 1 of the '985 patent.

## The Healthe Entry Product Does Not Infringe
## Claim 1 of the '985 Patent

54.   This paragraph contains legal conclusions to which no response is required. To the extent allegations in paragraph 54 require a response, Defendants are without sufficient information, based upon publicly available material, to admit or deny these allegations, and on that basis deny them.

55.   Defendants are without sufficient information, based upon publicly available material, to admit or deny these allegations, and on that basis deny them.

## The Healthe Space Product Does Not Infringe
## Claim 1 of the '985 Patent

56.    This paragraph contains legal conclusions to which no response is required. To the extent allegations in paragraph 56 require a response, Defendants are without sufficient information, based upon publicly available material, to admit or deny these allegations, and on that basis deny them.

57.     Defendants are without sufficient information, based upon publicly available material, to admit or deny these allegations, and on that basis deny them.

## The Healthe Air Product Does Not Infringe
## Claim 1 of the '985 Patent

58.     This paragraph contains legal conclusions to which no response is required. To the extent allegations in paragraph 58 require a response, Defendants are without sufficient information, based upon publicly available material, to admit or deny these allegations, and on that basis deny them.

59.     Defendants are without sufficient information, based upon publicly available material, to admit or deny these allegations, and on that basis deny them.

60.     Defendants are without sufficient information, based upon publicly available material, to admit or deny these allegations, and on that basis deny them.

## The Healthe Air 2.0 Product Does Not Infringe
## Claim 1 of the '985 Patent

61.     This paragraph contains legal conclusions to which no response is required. To the extent allegations in paragraph 61 require a response, Defendants are without sufficient information, based upon publicly available material, to admit or deny these allegations, and on that basis deny them.

62.     Defendants are without sufficient information, based upon publicly available material, to admit or deny these allegations, and on that basis deny them.

63.     Defendants are without sufficient information, based upon publicly available material, to admit or deny these allegations, and on that basis deny them.

## SECOND CAUSE OF ACTION
### Declaratory Judgment of Non-Infringement of
### U.S. Patent No. 8,753,575
### (Against All Defendants)

64.     Defendants incorporate by reference, as if fully set forth herein, their response to each of Paragraphs 1-22 and 29-34 of the Complaint.

65.     Defendants deny PPC has any rights, title, or interest in the '985 patent or standing to assert claims for infringement of the '985 patent. Otherwise, admitted.

66.     This paragraph contains legal conclusions to which no response is required. To the extent allegations in paragraph 66 require a response, Defendants are without sufficient information, based upon publicly available material, to admit or deny these allegations, and on that basis deny them.

67.     This paragraph contains legal conclusions to which no response is required. To the extent allegations in paragraph 67 require a response, Defendants deny them.

68.     Defendants deny the allegations of paragraph 68, except admit Healthe's Complaint purports to seek a judgment of noninfringement. Defendants are without sufficient information, based upon publicly available material, to admit or deny these allegations, and on that basis deny them.

69.     This paragraph contains legal conclusions to which no response is required. To the extent allegations in paragraph 69 require a response, Defendants are without sufficient information, based upon publicly available material, to admit or deny these allegations, and on that basis deny them.

70.     Defendants admit paragraph 70 recites claim 1 of the '575 patent.

## The Healthe Entry Product Does Not Infringe
## Claim 1 of the '575 Patent

71.     This paragraph contains legal conclusions to which no response is required. To the extent allegations in paragraph 71 require a response, Defendants are without sufficient information, based upon publicly available material, to admit or deny these allegations, and on that basis deny them.

72.     Defendants are without sufficient information, based upon publicly available material, to admit or deny these allegations, and on that basis deny them.

73.     Defendants are without sufficient information, based upon publicly available material, to admit or deny these allegations, and on that basis deny them.

### The Healthe Space Product Does Not Infringe Claim 1 of the '575 Patent

74.     This paragraph contains legal conclusions to which no response is required. To the extent allegations in paragraph 74 require a response, Defendants are without sufficient information, based upon publicly available material, to admit or deny these allegations, and on that basis deny them.

75.     Defendants are without sufficient information, based upon publicly available material, to admit or deny these allegations, and on that basis deny them.

76.     Defendants are without sufficient information, based upon publicly available material, to admit or deny these allegations, and on that basis deny them.

**The Healthe Air Product Does Not Infringe**
**Claim 1 of the '575 Patent**

77.     This paragraph contains legal conclusions to which no response is required. To the extent allegations in paragraph 77 require a response, Defendants are without sufficient information, based upon publicly available material, to admit or deny these allegations, and on that basis deny them.

78.     Defendants are without sufficient information, based upon publicly available material, to admit or deny these allegations, and on that basis deny them.

79.     Defendants are without sufficient information, based upon publicly available material, to admit or deny these allegations, and on that basis deny them.

**The Healthe Air 2.0 Product Does Not Infringe**
**Claim 1 of the '575 Patent**

80.     This paragraph contains legal conclusions to which no response is required. To the extent allegations in paragraph 80 require a response, Defendants are without sufficient information, based upon publicly available material, to admit or deny these allegations, and on that basis deny them.

81.     Defendants are without sufficient information, based upon publicly available material, to admit or deny these allegations, and on that basis deny them.

82.     Defendants are without sufficient information, based upon publicly available material, to admit or deny these allegations, and on that basis deny them.

## THIRD CAUSE OF ACTION
### Declaratory Judgment of Non-Infringement of
### U.S. Patent No. 8,975,605
### (Against All Defendants)

83.     Defendants incorporate by reference, as if fully set forth herein, their response to each of Paragraphs 1-22 and 35-40 of the Complaint.

84.     Defendants deny PPC has any rights, title, or interest in the '985 patent or standing to assert claims for infringement of the '605 patent. Otherwise, admitted.

85.     Denied.

86.     This paragraph contains legal conclusions to which no response is required. To the extent allegations in paragraph 86 require a response, Defendants admit a controversy exists between Healthe and Defendants regarding infringement of the '605 patent. Otherwise denied.

87.     Defendants deny the allegations of paragraph 87, except admit Healthe's Complaint purports to seek a judgment of noninfringement. Defendants deny that Healthe's products do not infringe the '605 patent.

88.     Denied.

89.     Defendants admit paragraph 89 recites claim 1 of the '605 patent.

**The Healthe Entry Product Does Not Infringe
Claim 1 of the '605 Patent**

90.     Denied.

91.     Denied.

**The Healthe Space Product Does Not Infringe
Claim 1 of the '605 Patent**

92.     Denied.

93.     Denied.

**The Healthe Air Product Does Not Infringe
Claim 1 of the '605 Patent**

94.     This paragraph contains legal conclusions to which no response is required. To the extent allegations in paragraph 94 require a response, Defendants are without sufficient information, based upon publicly available material, to admit or deny these allegations, and on that basis deny them.

95.     Defendants are without sufficient information, based upon publicly available material, to admit or deny these allegations, and on that basis deny them.

**The Healthe Air 2.0 Product Does Not Infringe
Claim 1 of the '605 Patent**

96.     This paragraph contains legal conclusions to which no response is required. To the extent allegations in paragraph 96 require a response,

Defendants are without sufficient information, based upon publicly available material, to admit or deny these allegations, and on that basis deny them.

97.    Defendants are without sufficient information, based upon publicly available material, to admit or deny these allegations, and on that basis deny them.

## FOURTH CAUSE OF ACTION
**Declaratory Judgment of Non-Infringement of
U.S. Patent No. 9,700,642
(Against All Defendants)**

98.    Defendants reallege and incorporate paragraphs 1-22 and 41-46 as though fully set forth herein.

99.    Defendants deny PPC has any rights, title, or interest in the '642 patent or standing to assert claims for infringement of the '642 patent. Otherwise, admitted.

100.   Denied.

101.   This paragraph contains legal conclusions to which no response is required. To the extent allegations in paragraph 101 require a response, Defendants admit a controversy exists between Healthe and Defendants regarding infringement of the '642 patent. Otherwise denied.

102.   Defendants deny the allegations of paragraph 102, except admit

Healthe's Complaint purports to seek a judgment of noninfringement.

Defendants deny that Healthe's products do not infringe the '642 patent.

103.   Denied.

104.   Defendants admit paragraph 104 recites claim 12 of the '642

patent.

### Healthe Entry Product Does Not Infringe
### Claim 12 of the '642 Patent

105.   Denied.

106.   Denied.

### The Healthe Space Product Does Not Infringe
### Claim 12 of the '642 Patent

107.   Denied.

108.   Denied.

109.   This paragraph appears to be a typographical error and does not

require a response.

### The Healthe Air Product Does Not Infringe
### Claim 12 of the '642 Patent

110.   This paragraph contains legal conclusions to which no response is

required. To the extent allegations in paragraph 110 require a response,

Defendants are without sufficient information, based upon publicly available

material, to admit or deny these allegations, and on that basis deny them.

24

111.   Defendants are without sufficient information, based upon publicly available material, to admit or deny these allegations, and on that basis deny them.

### The Healthe Air 2.0 Product Does Not Infringe
### Claim 12 of the '642 Patent

112.   This paragraph contains legal conclusions to which no response is required. To the extent allegations in paragraph 112 require a response, Defendants are without sufficient information, based upon publicly available material, to admit or deny these allegations, and on that basis deny them.

113.   Defendants are without sufficient information, based upon publicly available material, to admit or deny these allegations, and on that basis deny them.

### FIFTH CAUSE OF ACTION
### Unfair Competition under the Florida Deceptive
### and Unfair Trade Practices Act
### (Against Defendants HEO3 and Neister)

114.   Defendants reallege and incorporate paragraphs 1-113 as though fully set forth herein.

115.   Defendants deny the allegations in paragraph 115, except admit that Healthe and HEO3 are competitors.

116.   Denied.

117.   Denied.

118.   Denied.

119.   Defendants deny the allegations in paragraph 119, except admit that Neister is HEO3's founder and Chief Technology Officer and owns the Patents-in-Suit.

120.   Denied.

121.   Defendants deny the allegations in paragraph 121. Defendants deny that Healthe is entitled to damages or injunctive relief.

## SIXTH CAUSE OF ACTION
**Unfair Competition under the Florida Deceptive
and Unfair Trade Practices Act
(Against Defendants HEO3 and Neister)**

122.   Defendants reallege and incorporate paragraphs 1-113 as though fully set forth herein.

123.   Defendants deny the allegations in paragraph 123, except admit that Healthe and HEO3 are competitors.

124.   Denied.

125.   Denied.

126.   Denied.

127.   Defendants deny the allegations in paragraph 127, except admit that Neister is HEO3's founder and Chief Technology Officer and owns the Patents-in-Suit.

128.   Defendants deny the allegations in paragraph 128. Defendants deny that Healthe is entitled to damages or injunctive relief.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any relief.

## JURY DEMAND

This sentence contains a jury demand for which no response is required.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following defenses in response to the allegations in Healthe's Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

## FIRST DEFENSE
(Failure to State a Claim)

Healthe's Complaint fails to state a claim on which relief may be granted.

## SECOND DEFENSE
(Preemption)

Healthe's state law claims are preempted by Federal patent law.

## THIRD DEFENSE
(Lack of Standing)

Healthe lacks standing to assert some or all of its claims.

## FOURTH DEFENSE
(Unclean Hands)

Healthe's claims are barred in whole or in part by the doctrine of

unclean hands.

## FIFTH DEFENSE
(No Deceptive Act or Unfair Practice)

Healthe's Complaint fails to allege conduct constituting a deceptive or

fraudulent act or unfair practice.

## SIXTH DEFENSE
(No Actual Damages or Causation)

Plaintiff cannot demonstrate actual damages or causation under

FDUTPA.

## SEVENTH DEFENSE
(No Equitable Relief)

Plaintiff has failed to show it will suffer immediate or irreparable harm

warranting equitable relief.

## EIGHTH DEFENSE
### (Failure to Mitigate)

Plaintiff has failed to mitigate the harm they claim to have sustained, if any.

## NINTH DEFENSE
### (Laches, Waiver, Estoppel)

Plaintiff's claims are barred in whole or in part by the doctrines of laches, waiver, or estoppel.

## TENTH DEFENSE
### (No Exceptional Case)

Defendants have not engaged in any conduct that would make this an exceptional case entitling plaintiff to an award of attorneys' fees.

## RESERVATION OF DEFENSES

Defendants reserve the right to assert additional defenses that may become apparent during the course of investigation or discovery and reserve the right to amend this Answer to assert any such defense.

## COUNTERCLAIMS

High Energy Ozone LLC d/b/a Far-UV Sterilray ("HEO3"); S. Edward Neister ("Neister"); and Pathogen Path Consulting LLC ("PPC") (collectively, "Counterclaim-Plaintiffs") hereby state as follows:

## Nature of the Action

1.      This is a counterclaim action for infringement of U.S. Patent Nos. 8,975,605 ("the '605 patent") and 9,700,642 ("the '642 patent") (collectively, the "Asserted Patents") pursuant to the Patent Laws of the United States of America, 35 U.S.C. §§ 100 *et seq*.

## Parties

2.      Counterclaim-Plaintiff HEO3 is a company organized and existing under the laws of the State of New Hampshire with its principal place of business at 30 Centre Road, Suite 6, Somersworth, New Hampshire 03878.

3.      Counterclaim-Plaintiff S. Edward Neister resides and works in the state of New Hampshire.

4.      Neister and his brother John Neister originally founded the company that would become HEO3, d/b/a Far-UV Sterilray, in 2005 in a small town in New Hampshire. HEO3 is a leading developer of disinfection equipment using 222 nm ultraviolet (UV) technology. HEO3's disinfection technology provides a safe and environmentally-sound means of disinfection

30

using far UV-light to kill bacteria, viruses, mold and fungus in seconds or less. It has been validated by over 40 third party labs as having a greater than 99.99% effective kill rate.

5.     HEO3's technology permits users to sterilize surfaces without harsh chemicals. Additionally, unlike more commonly used UV sterilization techniques, HEO3's technology is mercury-free and does not produce ozone – a significant advance in terms of safety and environmental impact.

6.     HEO3 offers a wide range of products utilizing its 222 nm UV technology. These include, for example: luminaire fixtures; air and surface disinfection units for disinfecting ambient air and surfaces in a room; surface disinfection rails and disinfection wands for disinfecting surfaces and air; pathogen reduction boxes for disinfecting high-touch items (such as handheld medical equipment) that can be placed inside the boxes; and airduct units for disinfecting air passing through HVAC units.

7.     HEO3 does business under the tradename Far UV Sterilray™ and its products feature Neister's patented Excimer Wave Sterilray™ Technology. Customers across the globe use Excimer Wave Sterilray™ products to create safer work, home, and medical environments.

8.     Neister is HEO3's founder and Chief Technology Officer and is the President of Pathogen Path Consulting LLC. Neister has worked in the field

of laser and UV light technology for over six decades. Over the course of his career, Neister has worked on Department of Defense missile defense initiatives, as well as on medical lasers for tattoo removals. Neister drew on his decades of experience to develop the 222 nm UV technology utilized by HEO3.

9.    As described on its website, HEO3's goal is to "reduce the number of annual superbug and viral infections, reduce the number of patients suffering from these deadly infections, and reduce the burden of the billions of dollars these infections cost our healthcare system every year." *See* https://sterilray.com/sterilray-com/about/. Over the past year, HEO3 has been approached by numerous and diverse organizations—including NFL teams, airlines, and robotic companies that specialize in the disinfection of office spaces, military barracks, public transportation, and hospitals—who have expressed interest in using HEO3's technology to help prevent spread of COVID-19.

10.    On information and belief, Counterclaim-Defendant Healthe is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 3905 W. Eau Gallie, Blvd, Suite 101, Melbourne, Florida 32931.

## Jurisdiction and Venue

11.     This Court has subject matter jurisdiction over the Counterclaims under at least 28 U.S.C. §§ 1331, 1338. Further, an actual, substantial and continuing justiciable controversy exists between Counterclaim-Plaintiffs and Counterclaim Defendant Healthe based on Healthe having filed a Complaint against Counterclaim-Plaintiffs seeking a declaratory judgment of non-infringement and asserting state law unfair competition claims.

12.     Healthe has consented to personal jurisdiction in the State of Florida and in this District by filing its Complaint against HEO3 and Neister in this District.

13.     Venue is proper in this District as to these Counterclaims under 28 U.S.C. §§ 1391(b)-(c) and 1400(b) at least because the assertion of Healthe's declaratory judgment and state law claims against HEO3 and Neister in this District gave rise to these Counterclaims. Healthe contends in its Complaint that venue is proper in this District.

## FACTUAL BACKGROUND

### HEO3's 222 nm UV Technology

14.     HEO3's 222 nm UV technology is described and claimed in the Asserted Patents.

15.　Prior to Neister's inventions, UV disinfection methods typically used light at 254 nm generated by mercury-based lamps.  As described in, *e.g.*, the '605 patent, Neister discovered that single line wavelengths emitted from an "excimer" lamp—a lamp using inert gases to generate photons at wavelengths matching the maximum absorption bands for DNA nitrogenous bases, proteins, amino acids, and other component bonds of microorganisms—could be significantly more effective than standard 254 nm photons for destroying DNA. As described in the '605 patent, "[k]ill action times are reduced from 10's to 100's of seconds to times of 0.1 seconds." 4:65-67.

16.　One of the wavelengths Neister found to be particularly useful for disinfection was 222 nm, falling within the "far-UV" range. HEO3's Excimer Wave Sterilray™ products utilize photons at this wavelength, amongst others.

17.　Recognizing Neister's inventions, the United States Patent and Trademark Office ("USPTO") issued the Asserted Patents as well as U.S. Patent Nos. 8,481,985 and 8,753,575. Neister is the sole inventor on all four patents and is also the named inventor on related applications that are currently pending.

## Healthe's UV Sterilization Products

18.     Counterclaim-Defendant Healthe's website claims to draw its history from Lighting Science Group Corporation ("LSG"), founded in 2000. *See* https://healtheinc.com/discover-healthe/our-story/. Healthe's website states that it was "[f]ounded by the creators of Lighting Science Group" in 2019. Healthe's website further names Fred Maxik as its Founder and Chief Scientific Officer. *Id.*

19.     Maxik is a named inventor of more than 200 patents, and LSG is the assignee of nearly 350 issued U.S. Patents. None of them appear to relate to the use of far-UV light to kill microorganisms.

20.     Healthe is the assignee of only 1 issued U.S. Patent, which purports to relate to dynamically adjusting circadian rhythm responses to future events, not far-UV wavelength technology. Maxik is a named inventor of that patent.

21.     In or around 2019, Healthe began manufacturing and selling products that perform Neister's patented processes for destroying or deactivating the DNA or RNA (*i.e.*, the organic bonds and proteins) of microorganisms on substances or surfaces of the Asserted Patents.

22.     Healthe makes and sells the accused Healthe Entry™ product. Healthe markets it as a "Far-UV Sanitizing Entry Gate," encouraging its

customers to "[p]osition the Entry next to any high traffic or critical entry point" and "step into the Entry and make a slow 360° turn for 20 seconds to reduce the microbial load for the next layer of protection in the space[.]" *See, e.g.*, Appendix, Ex. C at 4 (citing Entry Sell Sheet at 1).

23.   The Healthe Entry™ incorporates five (5) far-UV lamps from a third party named Eden Park. *See, e.g.*, Appendix, Ex. C at 2.

24.   Healthe makes and sells the accused Healthe Space™ product. Healthe markets it as "a 2-in-1 solution that provides passive, continuous sanitization of air and surfaces" and "delivers 222 nanometer light that inactivates microbes to improve air quality and does not require the use of UV protective equipment." *See, e.g.*, Appendix, Ex. A at 4 (citing Space Owner's Manual at 1).

25.   The Healthe Space™ incorporate a far-UV lamp from Eden Park. *See, e.g.*, Appendix, Ex. A at 2 (citing https://edenpark.com/business-applications/).

26.   Upon information and belief, Healthe makes and sells the accused Healthe Wand PRO™ product. *See* Nov. 17, 2020 Press Release, "Healthe Announces Availability of Boeing-Licensed Sanitization Wand for Widespread Commercial Applications," attached as Exhibit 1.

27.    Healthe markets the Wand PRO™ as follows: "Developed by teaming up with Boeing, the Healthe WAND PRO is a portable UV sanitization wand that inactivates viruses and bacteria in hard-to-reach areas. Its small size and ergonomic design make it especially effective for use in tight spaces like airplanes, offices, retail showrooms and on public transportation." *See, e.g.*, Appendix, Ex. E at 2 (citing https://healtheinc.com/product/healthe-wand-pro/).

28.    In a press release dated September 22, 2020, The Boeing Company ("Boeing") stated as follows: "Boeing entered into a patent and technology license with Florida-based Healthe® Inc. today under which Healthe will manufacture an ultraviolet (UV) wand designed to sanitize airplane interiors. Boeing designed and developed the UV wand as part of the company's Confident Travel Initiative (CTI) to support customers and enhance the safety and well-being of passengers and crews during the COVID-19 pandemic." Sept. 22, 2020 Press Release, "Boeing Licenses Ultraviolet Wand to Healthe, Inc. to Counter COVID-19," attached as Exhibit 2.

29.    On its website, Healthe identifies the following patent numbers that allegedly relate to the Healthe Wand PRO™ product:

| PRODUCT | U.S. PATENTS |
|---|---|
| Healthe Wand Pro | Licensed Patents 10668178; 10668179; US10091865; patent pending. |

According to the USPTO website, these patent numbers are assigned to The Boeing Company ("Boeing"). For example, U.S. Patent Nos. 10,668,178 and 10,668,179 issued June 2, 2020 and are titled "Systems and methods for powering a load." And U.S. Patent No. 10,091,865 issued October 2, 2018 and is titled "System and method for extending a lifespan of an excimer lamp."

30.   Upon information and belief, these are the patents that Healthe licensed from Boeing (along with the unpublished application referenced above). These Boeing patents do not claim processes for deactivating or destroying microorganisms using far-UV light, like the Asserted Patents.

## The Notice Letters

31.   Healthe's declaratory judgment complaint attempts to tell the punch line without the joke. Healthe highlights the two communications that HEO3 sent to its customers in November 2020 as evidence that HEO3 is competing unfairly for sanitization business. Healthe itself received a similar notice letter in June 2020 from HEO3. On these topics, Healthe's actions speak louder than its words.

32.   Email correspondence shows that Liran Gordon of Healthe initiated cordial communications with John Neister and Mike Olsen of HEO3 on June 19, 2020, even looping in Healthe's Founder and Chief Scientific Officer, Fred Maxik. *See* June 19, 2020 email thread, L. Gordon to J. Neister and M. Olsen, attached as Exhibit 3.

33.   Upon receipt of HEO3's letter, Healthe's general counsel, Monica Washington Rothbaum, sent an email to David Connaughton, Jr. (patent counsel for HEO3), stating "[i]t is my understanding that, presently, your clients (or their affiliates) and representatives of Healthe, Inc. are discussing possible cooperation in the area of Far-UVC. As such, this email communication is intended simply to acknowledge receipt of your letter." *See* June 25, 2020 email, M. Washington Rothbaum to D. Connaughton, attached as Exhibit 4.

34.   By the end of June 2020, the parties entered into a Non-Disclosure Agreement (NDA).

35.   On July 1, 2020, pursuant to the NDA, HEO3 sent Gordon materials regarding its technology and commercial strategy. On July 7, 2020, Gordon responded that the materials were "[v]ery interesting." For reasons of confidentiality, those communications are not attached.

36.    As negotiations progressed, Healthe sent HEO3 a "Letter of Intent" by email on July 28, 2020. The cover email from Gordon to HEO3 stated that Healthe was interested in "moving forward to establish a mutually beneficial long-term relationship." July 28, 2020 email, L. Gordon to J. Neister and M. Olsen, attached as Exhibit 5.

37.    The parties negotiated until early September 2020 but could not reach agreement on material terms of a license. It became clear to HEO3 that Healthe wanted to strong-arm HEO3 into broadly turning over its patent portfolio to Healthe without sufficient consideration.

38.    Given the lack of resolution with Healthe, HEO3 was forced to consider notifying purchasers of Healthe's products of HEO3's patents and HEO3's intent to enforce its patent rights against Healthe and others.

39.    Only after five months had passed since HEO3 sent Healthe a notice letter of its patents—and Healthe was unsuccessful in licensing HEO3's patent portfolio on the cheap—did Healthe's litigation counsel send a response letter. *See* November 23, 2020 G. Leach Ltr. to D. Connaughton, attached as Exhibit 6. Like Healthe's Complaint, this letter misconstrues the science behind 222 nm wavelength UV light in a thinly veiled attempt to snatch a quick litigation resolution and capitalize on the exploding market for these far-UV lamp products.

## COUNTERCLAIM COUNT I
### (Infringement of U.S. Patent No. 8,975,605)

40.     Counterclaim-Plaintiffs incorporate by reference the averments of paragraphs 1-39 as if fully set forth herein.

41.     The '605 patent, entitled "Method and Apparatus for Producing a High Level of Disinfection in Air and Surfaces," was duly and legally issued by the USPTO on March 10, 2015. Counterclaim-Plaintiffs incorporate by reference Exhibit 3 of Healthe's Complaint, which is a copy of the '605 patent.

42.     Neister is the owner of all rights, title and interest in and to the '605 patent and HEO3 is its exclusive licensee. Neister and HEO3 are entitled to sue for past and future infringement.

43.     Healthe received actual notice of the '605 patent at least as early as the filing of its Complaint, and on information and belief received notice of the '605 patent at least as early as June 11, 2020, when Healthe alleges it received a letter from counsel for HEO3 informing Healthe of the '605 patent and Healthe's infringement.

44.     Healthe has directly infringed the '605 patent by making, using, selling, offering for sale in the United States, and/or importing into the United States sanitization equipment that practice one or more claims of the '605 patent, including but not limited to the Healthe Entry™ (FG-09006),

Healthe Space™ (HESP 6 FUV 40 MVO WH), and Healthe Wand PRO™ (FG-09100) products (collectively, the "Accused Products").

45.     Based on publicly available information, the Accused Products infringe at least claim 1 of the '605 patent, as identified in Counterclaim-Plaintiffs' Preliminary Infringement Contentions served on February 24, 2021, and as shown in the claim charts attached as Exhibits A, C, and E of the attached Appendix. These claim charts reflect a good-faith basis for Counterclaim-Plaintiffs' allegations of infringement against Healthe.

46.     Healthe indirectly infringes the '605 patent as provided by 35 U.S.C. § 271(b) by actively inducing others, including customers who purchase and use the Accused Products, to commit direct infringement of one or more claims of the '605 patent.

47.     Healthe's affirmative acts of providing at least manuals, training, guides, and/or demonstrations induces customers to use the Accused Products in a manner intended by Healthe to cause direct infringement of the '605 patent.

48.     Healthe performed the acts that constitute inducement with knowledge or at least willful blindness that the induced acts would constitute infringement. At least through the filing of this Counterclaim, Healthe has received actual notice that its customers directly infringe the '605 patent and

that its own acts induce such infringement. On information and belief, Healthe received actual knowledge that its customers directly infringe the '605 patent at least as early as June 11, 2020, when Healthe alleges it received a letter from counsel for HEO3 informing Healthe of the '605 patent and Healthe's infringement.

49.     Healthe also indirectly infringes the '605 patent as provided by 35 U.S.C. § 271(c) by contributing to infringement of one or more claims of the '605 patent by others, including Healthe's customers who purchase and use the Accused Products.

50.     Healthe's affirmative acts of selling infringing sanitization products and providing those products to customers contribute to the infringement of the '605 patent. The Accused Products are specially made or adapted for use in infringement of the '605 patent and are not staple articles of commerce suitable for substantial noninfringing use.

51.     Healthe contributed to the infringement of others with knowledge or at least willful blindness that the Accused Products are specially made or adapted for use in an infringement of the '605 patent and are not staple articles of commerce suitable for substantial noninfringing use. At least through the filing of this Counterclaim, and on information and belief at least

as early as June 11, 2020, Healthe has received actual notice that its acts constitute contributory infringement.

52.    Healthe's infringement has been and continues to be willful and in reckless disregard for the '605 patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct.

53.    Healthe's continued infringement of the '605 Patent has damaged and will continue to damage Counterclaim-Plaintiffs, who offer directly competing products. Healthe's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Counterclaim-Plaintiffs for which there is no adequate remedy at law.

## COUNTERCLAIM COUNT II
### (Infringement of U.S. Patent No. 9,700,642)

54.    Counterclaim-Plaintiffs incorporate by reference the averments of paragraphs 1-53 as if fully set forth herein.

55.    The '642 patent, entitled "Method and Apparatus for Sterilizing and Disinfecting Air and Surfaces and Protecting a Zone from External Microbial Contamination," was duly and legally issued by the USPTO on July 11, 2017. Counterclaim-Plaintiffs incorporate by reference Exhibit 4 of Healthe's Complaint, which is a copy of the '642 patent.

56.     Neister is the owner of all rights, title and interest in and to the '642 patent and HEO3 is its exclusive licensee. Neister and HEO3 are entitled to sue for past and future infringement.

57.     Healthe received actual notice of the '642 patent at least as early as the filing of its Complaint, and on information and belief received notice of the '642 patent at least as early as June 11, 2020, when Healthe alleges it received a letter from counsel for HEO3 informing Healthe of the '605 patent and Healthe's infringement.

58.     Healthe has directly infringed the '642 patent by making, using, selling, offering for sale in the United States, and/or importing into the United States sanitization equipment that practice one or more claims of the '642 patent, including but not limited to the Healthe Entry™ (FG-09006), Healthe Space™ (HESP 6 FUV 40 MVO WH), and Healthe Wand PRO™ (FG-09100) products (the "Accused Products").

59.     Based on publicly available information, the Healthe Entry™ (FG-09006) and Healthe Space™ (HESP 6 FUV 40 MVO WH) products infringe at least claims 1, 5, 7, 9, 12, 15, and 17 of the '642 patent, and the Healthe Wand PRO™ (FG-09100) product infringes at least claims 12, 15, and 17 of the '642 patent, as identified in Counterclaim-Plaintiffs' Preliminary Infringement Contentions served on February 24, 2021, and as

shown in the claim charts attached as Exhibits B, D, and F of the attached Appendix. These claim charts reflect a good-faith basis for Counterclaim-Plaintiffs' allegations of infringement against Healthe.

60.     Healthe indirectly infringes the '642 patent as provided by 35 U.S.C. § 271(b) by actively inducing others, including customers who purchase and use the Accused Products, to commit direct infringement of one or more claims of the '642 patent.

61.     Healthe's affirmative acts of providing at least manuals, training, guides, and/or demonstrations induces customers to use the Accused Products in a manner intended by Healthe to cause direct infringement of the '642 patent.

62.     Healthe performed the acts that constitute inducement with knowledge or at least willful blindness that the induced acts would constitute infringement. At least through the filing of this Counterclaim, Healthe has received actual notice that its customers directly infringe the '605 patent and that its own acts induce such infringement. On information and belief, Healthe received actual knowledge that its customers directly infringe the '642 patent at least as early as June 11, 2020, when Healthe alleges it received a letter from counsel for HEO3 informing Healthe of the '642 patent and Healthe's infringement.

63.     Healthe also indirectly infringes the '642 patent as provided by 35 U.S.C. § 271(c) by contributing to infringement of one or more claims of the '642 patent by others, including Healthe's customers who purchase and use the Accused Products.

64.     Healthe's affirmative acts of selling infringing sanitization products and providing those products to customers contribute to the infringement of the '642 patent. The Accused Products are specially made or adapted for use in infringement of the '642 patent and are not staple articles of commerce suitable for substantial noninfringing use.

65.     Healthe contributed to the infringement of others with knowledge or at least willful blindness that the Accused Products are specially made or adapted for use in an infringement of the '642 patent and are not staple articles of commerce suitable for substantial noninfringing use. At least through the filing of this Counterclaim, and on information and belief at least as early as June 11, 2020, Healthe has received actual notice that its acts constitute contributory infringement.

66.     Healthe's infringement has been and continues to be willful and in reckless disregard for the '642 patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct.

67.     Healthe's continued infringement of the '642 patent has damaged and will continue to damage Counterclaim-Plaintiffs, who offer directly competing products. Healthe's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Counterclaim-Plaintiffs for which there is no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Counterclaim-Plaintiffs respectfully request the following relief:

a) Judgment against Healthe dismissing Healthe's Complaint and denying with prejudice all relief requested in the Complaint and its prayer therein;

b) For entry of judgment by this Court against Healthe and in favor of Counterclaim-Plaintiffs in all respects, including that:

    a. Healthe has and continues to directly infringe and/or indirectly infringe, by way of inducement and/or contributory infringement, the Asserted Patents; and

    b. Healthe's infringement of the Asserted Patents was willful and that Healthe's continued infringement of the Asserted Patents is willful; and

c) An order permanently enjoining Healthe, its officers, agents, servants, employee, and attorneys, all parent, subsidiary, and affiliate corporations and other related business entities, and all other persons or entities acting in concert, participation, or in privy with one or more of them, and their successors and assigns, from infringing, contributing to the infringement of, or inducing others to infringe the Asserted Patents;

d) For damages arising from Healthe's infringement of the Asserted Patents, together with pre-judgment and post-judgment interest, and that such damages be trebled as provided by 35 U.S.C. § 284;

e) An order declaring that Counterclaim-Plaintiffs are the prevailing parties and that this is an exceptional case, awarding Counterclaim-Plaintiffs their costs, expenses, disbursements, and reasonable attorney fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

f) Such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Counterclaim-Plaintiffs respectfully request a trial by jury on all issues triable thereby.

Dated:  March 10, 2021      Respectfully submitted,

*/s/ Brent P. Ray*
Alex L. Braunstein
Fox Rothschild LLP
Florida Bar No. 98289
777 South Flagler Drive
Suite 1700, West Tower
West Palm Beach, FL 33401
Tel.: (561) 804-4497
Fax: (561) 835-9602
Email:
abraunstein@foxrothschild.com

Brent P. Ray (admitted *pro hac vice*)
(IL Bar No. 6291911)
KING & SPALDING LLP
110 N. Wacker Drive
Suite 3800
Chicago, IL  60606
Phone: (312) 995-6333
Email: bray@kslaw.com

Dara Kurlancheek*
(D.C. Bar No. 1020381)
KING & SPALDING LLP
1700 Pennsylvania Avenue NW
Washington, D.C. 20006
Phone: (202) 626-5590
Email: dkurlancheek@kslaw.com

Abby L. Parsons*
(IL Bar No. 6297018, TX Bar No. 24094303)
KING & SPALDING LLP
1100 Louisiana Street, Ste. 4100
Houston, TX 77002
Phone: (713) 751-3294
Email: aparsons@kslaw.com

Julia Kolibachuk*
(NY Bar No. 5426534)
Lida Ramsey*
(NY Bar No. 5591862)
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036
Phone: (212) 556-2100
Email: jkolibachuk@kslaw.com
Email: lramsey@kslaw.com

*Attorneys for Defendants, High Energy Ozone
LLC d/b/a Far-UV Sterilray; S. Edward
Neister; and Pathogen Path Consulting LLC*

*\* Application for pro hac vice to-be-filed*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 10, 2021, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Brent P. Ray*
Brent P. Ray
