UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HEALTHE, INC.,

    Plaintiff,

v.                                                                          Case No. 6:20-cv-2233-RBD-EJK

HIGH ENERGY OZONE LLC; S.
EDWARD NEISTER; and
PATHOGEN PATH CONSULTING
LLC,

    Defendants.

### ORDER

Before the Court is Defendants' Motion to Strike and to Dismiss for Failure to State a Claim. (Doc. 59 ("Motion").) Plaintiff opposes. (Doc. 65.) On review, the Court grants the Motion in part and strikes Plaintiff's counterclaims in reply.

### BACKGROUND

On December 8, 2020, Plaintiff sued Defendants, alleging unfair trade practices and asking for a declaratory judgment of non-infringement on certain patents held by Defendants. (*See* Doc. 1.) Defendants answered the Complaint on March 10, 2021. (Doc. 41.) In their Answer, Defendants asserted several counterclaims against Plaintiff, alleging patent infringement. (*See id.* at pp. 30–50.)

Three weeks later, Plaintiff replied to the Answer. (Doc. 52 ("Reply").) In its Reply, Plaintiff asserted five affirmative defenses relevant here: non-infringement; invalidity; inequitable conduct; patent misuse; and equitable defenses (collectively, "Patent Defenses"). (*Id.* at pp. 35–36.) Plaintiff went on to assert seven *new* claims against Defendants in its reply; the issues raised in the new "counterclaims" are identical to the Patent Defenses. (*See id.*; *cf. id.* at pp. 38–71.)

Defendants now move to strike these "counter-counterclaims," also known as "counterclaims in reply," as procedurally improper. (Doc. 59.) Alternatively, Defendants move to dismiss them for failure to state a claim. (*See id.*) Briefing complete (Doc. 65), the matter is ripe.

## ANALYSIS

The procedural propriety of "counterclaims in reply" is tangled, to put it mildly. Generally, courts agree the Federal Rules of Civil Procedure do not expressly permit counterclaims in reply to counterclaims. *See Wiggins v. FDIC*, No. 2:12-cv-02705, 2017 WL 4517309, at *4 (N.D. Ala. Oct. 10, 2017); *see also* Fed. R. Civ. P. 7(a). But there the agreement ends.

Some courts, looking at the text of Rule 7(a) which does not list "counter-counterclaims" as an acceptable pleading, have refused to permit them. *See, e.g., Gonzalez v. Cent. Elec. Coop., Inc.*, Nos. 08-6236-HO, 08-6240-HO, 2009 WL 3415235, at *5 (D. Or. Oct. 15, 2009). Others have looked at that same text and concluded *all*

counterclaims in reply are permitted under the Rules. *See, e.g., Power Tools & Supply, Inc. v. Cooper Power Tools, Inc.*, No. 05-CV-73615, 2007 WL 1218701, at *2–3 (E.D. Mich. Apr. 20, 2007). Still others have concluded only *compulsory* counterclaims-in-reply are permitted. *See, e.g., Electroglas, Inc. v. Dynatex Corp.*, 473 F. Supp. 1167, 1171 (N.D. Cal. 1979). And others look at whether the original counterclaim filed by the defendants was compulsory or permissive. *See, e.g., Lincoln Sav. Bank v. Open Sols., Inc.*, 956 F. Supp. 2d 1032, 1040 (N.D. Iowa 2013). Finally, some throw up their hands at the whole quagmire and conclude counterclaims in reply should be treated as motions to amend the complaint. *See Century Pac., Inc. v. Hilton Hotels Corp.*, 528 F. Supp. 2d 206, 213 n.3 (S.D.N.Y. 2007), *aff'd,* 354 F. App'x 496 (2d Cir. 2009). Some courts have noted amending the original complaint is likely the best option, to avoid later confusing the jury with a "veritable [b]arrage of legal documents" that they will find "mind-boggling, or at least confusing." *Se. Indus. Tire Co. v. Duraprene Corp.*, 70 F.R.D. 585, 588 (E.D. Pa. 1976).

  The Court agrees with those who have found counterclaims in reply to be impermissible under the Federal Rules and likely to result in confusion (or chaos) down the road. The Rules do not contemplate—much less compel—permitting a counter- counterclaim. *See* Fed. R. Civ. P. 7, 13. The Counterclaim is the logical

terminus of authorized pleadings. Enough is enough.

Under the circumstances of this case, at least, such a pleading is neither necessary nor appropriate. Here, it appears Plaintiff gains nothing by its counterclaims in reply—Plaintiff's basis for each counterclaim finds an exact copy in its enumerated affirmative defenses. (Doc. 52, pp. 35–36; *cf. id.* at pp. 38–71.) And if Plaintiff wishes to amend its pleadings to assert these claims, a motion for leave to amend is the vehicle. So the Court strikes the counter-counterclaims and directs Plaintiff to move to amend its Complaint if it wishes to assert its "counterclaims."[1] *See Century Pac., Inc.*, 528 F. Supp. 2d at 213 n.3; *Baker v. Borg Warner Morse Tec, Inc.*, No. 3:11-505, 2012 WL 195011, at *4 (S.D.W. Va. Jan. 23, 2012).

## CONCLUSION

It is **ORDERED AND ADJUDED:**

1. Defendants' Motion to Strike and to Dismiss for Failure to State a Claim (Doc. 59) is **GRANTED IN PART AND DENIED IN PART:**

    a. The Clerk is **DIRECTED TO STRIKE** Plaintiff Healthe, Inc.'s "Counterclaims" asserted in its Answer and Affirmative

---

[1] Because the Court resolves the Motion on these procedural grounds, it does not reach Defendants' Rule 12(b)(6) arguments. (*See* Doc. 59, pp. 14–18.)

Defenses to Defendants' Counterclaims (Doc. 52, pp. 38–71 ¶¶ 1–97.)

b. In all other respects, the Motion is **DENIED.**

2. By **Thursday, July 1, 2021**, Plaintiff may (but is not required) move to amend its Complaint (Doc. 1) to assert new claims, as alleged in its "counterclaims."

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 17, 2021.

ROY B. DALTON JR.
United States District Judge