## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

HEALTHE, INC.,

       Plaintiff,

v.

       Case No.: 6:20-cv-02233-RBD-EJK

HIGH ENERGY OZONE LLC d/b/a
FAR-UV STERILRAY; S. EDWARD
NEISTER; and PATHOGEN PATH
CONSULTING LLC,

       Defendants.

## HEALTHE'S UNOPPOSED MOTION TO DISMISS ITS CLAIMS AGAINST
## DEFENDANT PATHOGEN PATH CONSULTING LLC

Plaintiff Healthe, Inc. ("Healthe") filed this action against Defendants High Energy Ozone LLC d/b/a Far-UV Sterilray ("HEO3"), S. Edward Neister ("Neister"), and Pathogen Path Consulting LLC ("PPC") (collectively, "Defendants" and together with Healthe, the "Parties"). In particular Healthe filed declaratory judgment claims against Defendants HEO3, Neister, and PPC related to U.S. Patent Nos. 8,481,985; 8,753,575; 8,975,605; and 9,700,642 (collectively the "Patents-in-Suit"), and filed additional claims against Defendants HEO3 and Neister. *See generally* Dkt. 1. During the course of this litigation, PPC has represented that it has no ownership rights to the Patents-in-Suit and PPC has therefore has sought dismissal from this action. Based on PPC's representations,

Healthe moves to dismiss Defendant PPC from this action, but maintains all claims against Defendants HEO3 and Neister.

Therefore, pursuant to Rules 21 and 41 of the Federal Rules of Civil Procedure, Healthe moves this Court for an order dismissing without prejudice all claims asserted by Healthe against Defendant PPC.  In support of this Motion, Healthe states the following:

1.     On December 8, 2020, Healthe filed its Complaint in this case asserting four causes of action against all Defendants, including PPC: (1) declaratory judgment of non-infringement of U.S. Patent No. 8,481,985; (2) declaratory judgment of non-infringement of U.S. Patent No. 8,753,575; (3) declaratory judgment of non-infringement of U.S. Patent No. 8,975,605; and (4) declaratory judgment of non-infringement of U.S. Patent No. 9,700,642.  *See* Dkt. 1 ¶¶ 47–113.  Healthe also asserted two additional causes of against Defendants HEO3 and Neister.  *Id.* ¶¶ 114–128.

2.     On March 10, 2021, Defendants, including PPC, answered Healthe's Complaint and asserted counterclaims of infringement of U.S. Patent Nos. 8,975,605 and 9,700,642.  Dkt. 41 Counterclaim ¶¶ 40–67.

3.     On March 31, 2021, Healthe answered Defendants' counterclaims and asserted responsive counterclaims against Defendants, including PPC, of declaratory judgments of non-infringement, invalidity, unenforceability due to

inequitable conduct, and unenforceability due to patent misuse of U.S. Patent Nos. 8,975,605 and 9,700,642. *See generally* Dkt. 52.  On June 17, 2021, the Court struck Healthe's "Counterclaims" asserted in its Answer and Affirmative Defenses to Defendants' Counterclaims (*id.*, pp. 38–71 Counterclaim ¶¶ 1–97), and permitted Healthe to move to amend its Complaint to assert new claims, as alleged in its "Counterclaims" by July 1, 2021.  Dkt. 73.

4.      Defendants have represented to Healthe that Defendants Neister and HEO3 collectively hold all rights and interests in the Patents-in-Suit and that Defendant PPC holds no rights or interests in the Patents-in-Suit.

5.      Defendants have also represented that Defendant PPC is not a counter-claim plaintiff and that Defendant PPC has filed no patent infringement claims against Healthe because Defendant PPC does not own any rights or interests in the Patents-in-Suit.

6.      Based on the above-described representations by the Defendants, Healthe has agreed to dismiss without prejudice all claims asserted against Defendant PPC, while reserving Healthe's right to re-assert those claims in the future—including by seeking to join PPC to this case or by filing a new case against PPC—should Healthe discover that Defendants' representations were in any way incorrect.

7.     The removal of Defendant PPC from this case and the dismissal of all claims asserted by Healthe against PPC will not affect the claims, counterclaims, and defenses presently asserted between Healthe and Defendants HEO3 and Neister.

8.     By dismissing its claims asserted against Defendant PPC, Healthe is in no way admitting that PPC was or is not a proper party to this case.

Consequently, Healthe hereby respectfully moves this Court for an order dismissing without prejudice all claims asserted by Healthe against PPC.

## <u>LOCAL RULE 3.01(g) CERTIFICATION</u>

Pursuant to Local Rule 3.01(g), I hereby certify that counsel for Plaintiff has conferred with counsel for Defendants, and Defendants do not oppose the relief sought by this Motion.

Dated: June 24, 2021                Respectfully submitted,

*/s/ Garret A. Leach, P.C.*
David S. Wood, Esq., Trial Counsel
Florida Bar No.:  289515
Email:  david.wood@akerman.com
Monica M. Kovecses, Esq.
Florida Bar No.:  105382
Email:  monica.kovecses@akerman.com
**AKERMAN LLP**
Post Office Box 231

4

Orlando, Florida 32802-0231
Phone:  (407) 423-4000
Fax:  (407) 843-6610

Garret A. Leach, P.C. (*appearing pro hac vice*)
Email:  garret.leach@kirkland.com
Eric D. Hayes, P.C. (*appearing pro hac vice*)
Email:  eric.hayes@kirkland.com
Greg Polins (*appearing pro hac vice*)
Email:  greg.polins@kirkland.com
**KIRKLAND & ELLIS LLP**
300 N. La Salle
Chicago, IL 60654
Phone:  (312) 862-2000

*Counsel for Plaintiff* HEALTHE, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2021, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Garret A. Leach, P.C.*
Garret A. Leach, P.C.